## Morgan Lumber Co. v. Williams.

(Decided April 12, 1911.)

### Appeal from McCracken Circuit Court.

1.   Foreign Judgment—Pleading.—In pleading a judgment of another State rendered by an inferior court against a non-resident defendant, the petition is sufficient when it alleges that the court was a court of competent jurisdiction, and had jurisdiction both of the subject matter and the parties.

2.   Validity of Judgment.—The validity of a judgment of another State must be determined by the law of that State.

3.   Tennessee—Law of.—Under the proof in this case, an attorney has the power to submit to arbitration matters pending litigation, and even if he exceed his authority, a judgment rendered in pursuance of such arbitration, will be valid until set aside in an action by Bill of Review.

BENNETT H. YOUNG and J. C. FLOURNEY for appellant.

BERRY & GRASSHAM, C. C. GRASSHAM and W. A. BERRY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, James Williams, brought this action against appellant, J. T. Morgan Lumber Company, to recover on a judgment of a justice of the peace of Henry county, Tennessee. At the conclusion of the testimony the trial court peremptorily instructed the court to find for appellee. From the judgment predicated upon the verdict, this appeal is prosecuted.

The facts of the case are as follows: In the year 1908 the firm of J. T. Morgan & Company purchased and cut certain timber embraced in a tract of land lying in Henry county, Tennessee. This tract of land adjoined a tract of land owned by appellee Williams. In cutting their timber J. T. Morgan & Company cut certain trees on the Williams side of the land. Williams contended that the timber so cut was worth about $500.00, while Morgan & Company insisted that it was not worth more than $100.00. After the transaction complained of, the J. T. Morgan Lumber Company was incorporated under the laws of the State of Kentucky, and thereupon acquired the business and assets and assumed all the liabilities of the firm of J. T. Morgan & Company.

In December, 1909, appellee Williams brought suit against appellant in Wayne county, Tennessee. After this suit was brought, appellant employed J. S. Dunlap, an attorney of Paris, Tennessee, to represent it in the pending litigation. J. W. Lewis, also an attorney of Paris, Tennessee represented appellee. Mr. Dunlap proposed to Mr. Lewis to arbitrate the matter in controversy. They made an agreement in writing. According to this agreement, each side was to select an arbitrator, and these two were to select a third. The parties to the litigation were to have their witnesses present on March 12th, and the three arbitrators were to hear and determine the matter. Dunlap suggested Esquire Daniels as

one of the arbitrators. Lewis suggested A. B. Truesdale. The latter declined to act. One or two other persons were approached, but they also declined to act. Then Dunlap and Lewis agreed to submit the whole matter to Esquire Daniels. Esquire Daniels at first demurred to acting alone in the matter, but, upon the insistance of the attorneys, finally decided to act as sole arbitrator. The attorneys agreed to waive all formalities and requirements of the statutes, and also agreed that the judgment of the justice of the peace should be final and conclusive, and that no appeal should be taken therefrom. Appellee had three witnesses besides himself. Two witnesses testified for the J. T. Morgan Lumber Company. Upon the conclusion of the testimony the justice gave judgment in favor of Williams for the sum of $461.45 and costs.

In Tennessee justices' courts have jurisdiction in litigated cases up to $500.00, and in matters not in litigation up to $1,000.00.

The court did not err in overruling appellant's demurrer to the petition. It is true, in a suit upon a judgment of a sister State rendered against a non-resident defendant or by a court of limited, inferior or special statutory jurisdiction, it is necessary to set out the facts conferring jurisdiction. The petition before us alleged, not only that the Henry county justice's court was a court of jurisdiction, but had jurisdiction of the subject matter and of the parties. The petition further set forth the arbitration, and alleged that, under the law of Tennessee, an attorney had the right to submit to arbitration any matter involved in the pending litigation. We, therefore, conclude that the facts pleaded were sufficient to show jurisdiction.

But it is insisted that appellant's attorney exceeded his authority and had no right to submit the matter to arbitration in the manner agreed upon. In this connection our attention is called to the following letter, dated February 14, 1910, written and signed by appellant and addressed to John S. Dunlap, Paris, Tennessee:

"Replying to your favor of the 12th, note that Williams is willing to settle for $300.00. Will say that we had a representative to invoice up the timber that we cut on Williams and he says that a fair value for the same would be about $100.00.

"We are willing to pick a representative and let Williams pick a party to represent him and then let the two pick a third man who has experience in timber and in-

voice this stock up and value it and we will pay for the same at whatever they value it. This is a fair proposition and if Williams wants to do this we will settle the matter this way, if not we will fight it out in the court and am satisfied that we can prove that $100.00 is every cent that the timber is worth and he could not get judgment for any more than the value of the timber. Trusting you will be able to put this deal through on this basis we beg to remain  *   *   * ."

It is argued that the above letter is the only authority Mr. Dunlap had for submitting the matter to arbitration, and, as he did not proceed in the manner authorized by his instructions, but adopted an entirely different method of arbitration, which appellant had in no way authorized or agreed to, the justice of the peace was without author ity to arbitrate the matter, and the judgment which he entered was void. The validity of a foreign judgment must be determined by the law of the State where it is rendered. Two attorneys of Tennessee have testified that, under the statutes regulating matters of arbitration, and under the law in force in that State, an attorney has the power to submit to arbitration any matters involved in pending litigation. It further seems to be the rule in Tennessee that, if an attorney exceeds his authority, this fact will not render the judgment void, but will be ground for setting aside the judgment in an action by a Bill of Review. Until this be done the judgment is binding. There being no evidence to the contrary, we must hold that the law of Tennessee was properly stated. As the judgment in question is binding in Tennessee, it is the duty of the courts of this State to give it full faith and credit.

Judgment affirmed.