## Crawford, et al., Receivers v. Ruby.

(Decided June 19, 1925.)

Appeal from Hopkins Circuit Court.

1. Evidence—Law of Another State Presumed Same as Law of Forum Only in Absence of Pleading and Proof.—Law of another state is a fact to be pleaded and proved, and will be presumed the same as common law in force in state of the forum only in absence of pleading and proof.

2. Judgment—Foreign Judgment, Providing for Discharge on Remittitur of Securities Within Certain Time, Held Binding After Such Time.—Conditional judgment of Georgia, giving debtor time to remit security or pay money judgment, after appeal and affirmance by Supreme Court, held binding, in absence of any showing that it had not been discharged within period allowed, or that that period had not elapsed.

3. Judgment—Valid Judgment of Another State Entitled to Full Faith and Credit.—A valid and binding judgment of another state will be given full faith and credit.

COX & GRAYOT and JOHN D. CARROLL for appellants.

GORDON, GORDON & MOORE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In this action by W. T. Crawford and J. T. Culpepper, receivers of the Bank of Whigham, against W. J. Ruby to recover on a judgment rendered in their favor by the Superior Court of Grady county, Georgia, the trial court directed the jury to find for defendant, and plaintiffs appeal.

The facts are these: In an action in the Superior Court of Grady county, Georgia, to which Ruby was a party, the court's auditor, to whom the case was referred, with power to pass on all questions of law and fact between the parties, made the following report:

"I therefore find a judgment in favor of the receivers of the Bank of Whigham and against W. J. Ruby for $16,766.46, covering the collateral and certificates above specified and the $50.07, and providing that all of this judgment with the exception of the $50.07 will be discharged upon the return to the receivers of the collateral and certificates of the face value of $16,716.39."

On June 21, 1918, the Grady Superior Court rendered the following judgment:

"Upon the hearing, the foregoing report of the auditor is approved, confirmed and made the judgment and decree of the court, and each and all of the exceptions overruled. Ordered further that W. J. Ruby have until the 15th day of August, 1918, in which to return to the receivers the collateral and certificates referred to in paragraph 67 of said re-

port, and upon his failure so to return them, that execution issue in favor of the receivers against said W. J. Ruby in accordance with said report."

Ruby took the case to the Supreme Court of Georgia on a writ of error. The judgment was not superseded by the execution of a bond, but the chancellor entered an order staying proceedings on the judgment pending the appeal. On June 13, 1919, the judgment was affirmed and a written opinion delivered. Thereafter a remittitur was filed, and on October 1st, 1919, the Grady Superior Court entered the following order:

"The above named and stated case having been carried to the Supreme Court by writ of error, and after a hearing therein, the judgment of this court having been affirmed, it is considered, ordered and adjudged that the judgment of the Supreme Court be made the judgment of this court, and that the judgment of this court stand affirmed, and judgment is hereby rendered for the amount found in favor of W. T. Crawford and J. T. Culpepper as receivers by the auditor, T. S. Hawes, which finding was approved by the presiding judge, W. E. Thomas, and made the judgment of this court and also all costs accrued. Let execution issue accordingly."

On April 7, 1920, an execution was issued for the amount of the judgment, together with interest and costs.

The only objection to the judgment, and that is the ground on which the peremptory was based, is that it is not an absolute judgment for the payment of money capable of being enforced by final process, but is a mere *nisi* or conditional judgment not conclusive on its face, but requiring the conduct of the parties to be proved *in pais* before it can be enforced. Appellants took the depositions of two attorneys, who testified that the judgment in question was a valid, final and enforceable judgment under the laws of Georgia, and it was agreed that other attorneys learned in the law would testify to the same effect. The only difference of opinion was whether the judgment was final and enforceable by execution upon the filing of the remittitur by the Supreme Court, or Ruby was entitled to fifty-five days in which to produce the certificates. Notwithstanding this evidence, it is insisted that the conditional character of the judgment appears on its face. Under the repeated adjudications

of this court the law of another state is a fact to be pleaded and proved as any other fact, and it is only in the absence of pleading and proof that it will be presumed that the common law is in force there and that it is the same as the common law of this state.  Blair v. Norfolk & Western Railway Co., 162 Ky. 833, 173 S. W. 162; Horton v. Sherrill-Russell Lumber Co., 147 Ky. 226, 143 S. W. 1053.  It is difficult to perceive upon what theory we may reject all the evidence on the question and reach a contrary conclusion based solely on our own judgment as to what the law of Georgia is; but considering the judgment solely in the light of the language employed, it is doubtful if it have any of the features of a *nisi* or conditional judgment.  As we view it, it is simply a judgment for a sum certain with the right on the part of the judgment debtor to discharge the judgment either by payment or the return of the collateral and certicates by a certain time; but, assuming that in the first instance it was a *nisi* or conditional judgment, it seems to us that that feature was entirely eliminated before this action was brought.  Clearly, Ruby's right to discharge the judgment by surrendering the collateral and certificates either ended on August 15th, 1918, or, at most, within fifty-five days after the filing of the remittitur, and there being no claim that it was discharged within either period of time, we have reached the independent conclusion that after that time the judgment then became a binding judgment for the recovery of money and was not subject to discharge in any other way.  The fact that Ruby's failure to surrender the collateral and certificates within the required time must be shown by evidence *de hors* the record does not affect the character of the judgment.  If there had been an issue of payment it would have been necessary to resort to the same character of evidence. Being of the opinion that the judgment is valid and conclusive in Georgia it will be given the same faith and credit here.  Harris v. Balk, 198 U. S. 215, 49 L. Ed. 1023; J. T. Morgan Lumber Co. v. Williams, 143 Ky. 115, 136 S. W. 131; Oldham v. Robinson, 1 B. Mon. 329.  The fact that the enforcement of the judgment will work a hardship affords no reason why the full faith and credit clause of the federal Constitution may be disregarded. It follows that the directed verdict should have been in favor of appellants, and not in favor of appellee.

Judgment reversed and cause remanded for proceedings consistent with this opinion.