CARTER V. GOODE.

CONFLICT OF LAWS: *Action of tort.*

An action of tort for an injury to person or property cannot be maintained unless the act which causes the injury, is punishable or actionable, by the law of the place where it is committed.

APPEAL from *Crawford* Circuit Court.

R. B. RUTHERFORD, Judge.

*L. C. Balch,* for appellant.

1. The circuit court has no jurisdiction. Inasmuch as there was no violation of any law of the country where the act was done, there can be no right of action here. There being no law in the Cherokee Nation making it a trespass for one to shoot another's mule trespassing on his premises, no right of action existed. To render a person liable for a tort in the courts of this state committed in a foreign jurisdiction, it must be shown that there was a fixed legal liability under the laws of such foreign country. 58 *Vt.,* 727; 2 *Kent Com.,* 458 *to* 461; 103 *U. S.,* 11; *Cooley on Torts,* 471; *Story Conf. Laws,* 747; 1 *Bos. & Pull.,* 133; 8 *Johns. Rep.,* 189.

COCKRILL, C. J.   Goad sued Carter before a justice of the peace in Crawford county, Arkansas, to recover damages for an injury to a mule, the property of the plaintiff. Carter answered, and on the trial proved that the injury was inflicted in the Cherokee Nation, where he and Goad were at the time residing; that they were then, as now, citizens of Arkansas, and had no permit or license to reside in the Indian country; that at the time the injury was inflicted the mule was trespassing in Carter's enclosure, which Goad knew it was in the habit of doing, and that Goad had no redress whatever for the injury, and that the act was not punishable in the Indian Territory.

On appeal to the circuit court there was judgment for the plaintiff.

In order to maintain an action of tort founded upon an injury to person or property, the act which is the cause of the injury and the foundation of the action must be actionable or punishable, at least, by the law of the place where the injury is done. *Cooley on Torts, p.* 471; *Wharton on Conf. Laws,* sec. 478; *Holland v. Pack, Peck's Tenn. Rep.*

151; *Le Forrest v. Tohman,* 117 *Mass.,* 109; *Smith v. Condry,* 1 *How.,* 28; *McLeod v. Railroad,* 58 *Vt.,* 727.

It is conceded, upon this record, that that state of case does not exist.

Reverse and remand.