CASE 42—ACTION ·BY MARSHALL B. DUKES AND OTHERS
AGAINST THE UNION CENTRAL LIFE INSURANCE
COMPANY, OF CINCINNATI, ON A POLICY ON THE
LIFE OF DONA I. DUKES.—November 18, 1908.

# Union Cen. Life Ins. Co. v. Dukes

Appeal from Simpson Circuit Court.

W. P. SANDIDGE, Circuit Judge

Judgment for plaintiff. Defendant appeals—Affirmed.

1. Evidence—Judicial Notice—Laws of Sister States.—The courts
of Kentucky do not take judicial notice of the law of a sister
state; such law being a fact to be shown by proof. .
2. Appeal and Error—Review—Presumptions—Absence of Bill of
Exceptions. In the absence of a bill of exceptions showing
what proof was made in the lower court, it will be presumed
on appeal that the proof heard justified the conclusion reached.
3. Appeal and Error—Review—Stipulations of Counsel.—A stip-
ulation that either party might submit to the court statutes
and decisions to show the laws of other states, and that copies
of the statutes and decisions so submitted might be attached
in lieu of the original to the record for use in any court, does
not warrant the court on appeal in looking to such statute
and decisions as may be cited in argument, where there is no
bill of exceptions to show what statutes and decisions were
submitted below.
4. Appeal and Error—Estoppel—Error Invited.—Where the parties
to an action consent that the court shall consider statutes
and decisions adduced and give judgment thereon, · neither
can on appeal complain of the mode in which proof was made.

GEO. C. HARRIS and MAXWELL & RAMSEY for appellant.
ROARK & FINN, for appellees.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The Union Central Life Insurance Company on October 9, 1894, issued a policy insuring the life of Dona I. Dukes, in the sum of $7,000. It was provided in the policy that, in case of default in the payment of any premium after the third, the policy would be continued in force for the full amount, as a paid-up nonparticipating policy for such a time as its reserve value would carry it according to the American Experience Table of Mortality, with 4 per cent. interest. Mrs. Dukes made the payments on the policy until October 7, 1900, and for that premium she executed her note due 11 months after date. She failed to pay the note or any subsequent premium, and died on March 26, 1904. This suit was brought by the beneficiaries in the policy on January 29, 1907, to recover on it; they alleging that the reserve value of the policy continued it in force for a period of more than five years, or until after October 15, 1905. The defendant by its answer set up the fact that the policy also contained these provisions:

"After three years' premium shall have been paid on this policy, except in case of failure to pay at maturity a note given for premium or for a loan upon the security of this policy, the company will upon legal surrender of this contract before default in the payment of any premium, issue a paid-up nonparticipating policy as herein provided, for the amount as named in table A on the following page.

"In case of default in payment of any premium after the third, except in case of failing to pay at maturity a note given for premium or for a loan upon the security of this policy, no surrender for a paid-up policy having been made as above provided, this

policy will be continued in force only as a paid-up nonparticipating term policy for such time only as one annual premium on this policy is contained in its reserve value according to the American Experience Table of Mortality, with 4 per cent. interest. If the death of the insured occurs while the aforesaid term policy is in force there shall be deducted from the amount insured a sum equal to the regular annual premiums, with interest that would have accrued had this policy been kept in force; said deduction not to exceed three annual premiums with interest.''

''The failure to pay, if living, any of the first three annual premiums, or the failure to pay any notes or interest upon notes given to the company for any premium on or before the days upon which they become due, shall avoid and nullify this policy without action on the part of this company or notice to the insured or beneficiary; and all payments made upon this policy shall be deemed earned as premiums during its currency.''

''No suit to recover under this policy shall be brought after one year from the death of the insured.''

The note which Mrs. Dukes executed contained these words: ''Said policy, including all conditions therein for surrender or continuance as a paid-up term policy, shall, without notice to any party or parties interested therein, be null and void on the failure to pay this note at maturity, with interest at eight per cent. per annum, payable annually. In case this note is not paid at maturity, the full amount of premiums shall be considered earned as premiums, during its currency, and the note payable without reviving the policy or any of its provisions.''

The defendant alleged: That Mrs. Dukes, at the time of her application for the policy and of its de-

livery to her, was a citizen and resident of Texas; that the contract of insurance was consummated by delivery within the state of Texas, and all transactions between the parties relating thereto took place in Texas; that the policy by its terms provided it should be an Ohio contract; that the beneficiaries lived either in Texas or Oklahoma; and that under the laws of both Texas and Ohio the policy was void upon the nonpayment of the note, and no suit could be brought upon it after one year from the death of the insured. A reply was filed to the answer which controverted its allegations as to what the laws of Texas and Ohio are. After the issues had been made up, the case was submitted to the court upon the following agreement: "It is agreed by the plaintiff and the defendant that, in addition to the facts which are admitted and in evidence in this case by the pleadings and exhibits, on the 15th day of October, 1901, the ages of the infant plaintiffs were as follows: James M. Dukes, 15 years old; Elizabeth N., 13 years old; Jonathan Dukes, 11 years old; David N., 8 years old; and the other plaintiffs or beneficiaries under the policy were adults.    It is further stipulated that either of the parties may submit to the court in argument such statutes and decisions as they may desire for the purpose of establishing the issues raised by the pleadings in respect to certain of the laws of Texas and Ohio, and that such statutes and decisions may be deemed in evidence subject to exceptions for competency and relevancy; copies of the same to be attached in lieu of the original for the purpose of the record, in both the trial of the case in this court or any other court." The circuit court entered judgment for the plaintiffs, and the defendant appeals.

There is no bill of exceptions in the record, and no

motion for a new trial was entered in the circuit court. The courts of Kentucky do not take judicial notice of the laws of a sister state. What is the law of Ohio or Texas is a fact to be shown to the court by the proof. When a case comes to this court, the question before us is: Did the circuit court rule properly on the facts before him? What evidence the circuit court had before him as to the laws of Texas or Ohio we cannot know, as there is no bill of exceptions to show what was read or considered in that court. It is insisted that it must be presumed, in the absence of evidence that the contract is valid under the law of the place where it was made, because it is not presumed that the parties made an illegal contract. This is true, but we must also presume that the circuit court decided properly on the case, as it was presented to him, in the absence of any showing as to what he had before him. The presumption is that the circuit court decided correctly. To overcome this presumption, the appellant must bring to this court what was before the circuit court, and, if he fails to show by the record that he has done this, the presumption in favor of the judgment of the circuit court is not overcome. In other words, in the absence of a bill of exceptions showing what proof was made in the circuit court, we must assume that the proof heard by the circuit court justified the conclusion that the court reached, and that the laws of Texas and Ohio, as shown by the evidence before him, are such as to warrant the judgment which he entered. The question does not turn on who had the burden of proof. It turns on the presumption that the circuit court had before him facts sufficient to warrant his conclusion. The laws of Texas and Ohio may in fact be wholly otherwise. On this question we express no opinion, for we can only

consider the case on the record before us. The question before us is, not what is the law of Texas and Ohio, but what did the proof in the circuit court show it to be, and on this question the presumption is that the proof before the circuit court warranted his conclusion, in the absence of a bill of exceptions showing what he had before him.

The stipulation which we have quoted does not warrant us in looking for ourselves to such statutes and decisions as may be cited in argument in this court, for the stipulation plainly provides that copies of the statutes or decisions which were introduced in the Franklin circuit court are to be attached in lieu of the originals for the purpose of the record in both in that or any other court, and there is nothing in the record to show us what the circuit judge had before him. The plaintiff alleged that the reserve value of the policy was $1,196.44, and evidently this would have carried the policy until long after Mrs. Dukes died.

It is not material for us to consider whether the contract is governed by the law of Texas or the law of Ohio, for in either event we must assume that the proof heard in the circuit court sustains the judgment. It is also immaterial what would be the rights of the parties under the laws of Kentucky. It is not a Kentucky contract, and is governed by the lex loci contractus. The defendant pleaded this law. The plaintiff took issue on it. The court decided the issue, and we have not before us the evidence on which he based his judgment. The regular way of proving the law of another state is by the evidence of a witness learned therein, but the parties may consent that the court shall consider such statutes and decisions as they adduce before him and give judgment thereon. When they so consent, neither can, on appeal, com-

plain of the mode in which the case was presented. If we had before us what was before the circuit court, we might then determine whether he ruled correctly on the proof before him; but, in the absence of this from the record, we cannot say that he ruled incorrectly.

Judgment affirmed.

Petition for rehearing overruled.