DEWBERRY v. SOUTHERN RY. CO.

(Circuit Court, N. D. Georgia. January 8, 1910.)

COMMERCE (§ 8*)—RAILROADS—INTERSTATE COMMERCE—EMPLOYER'S LIABILITY ACT—STATE LAW.

The employer's liability act (Act Cong. Apr. 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), making railroads engaged in interstate commerce liable for injuring or killing employés while similarly engaged, is plenary, and supersedes all laws of the states relating thereto.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 8.*]

Action by Mrs. Effie Dewberry against the Southern Railway Company. On demurrer to declaration. Sustained.

R. R. Arnold, N. L. Hutchins, and J. E. McClelland, for plaintiff. McDaniel, Alston & Black, J. J. Strickland, and W. E. Simmons, for defendant.

NEWMAN, District Judge. An interesting question is presented by the demurrer to the declaration in this case, arising by reason of the employer's liability act of Congress of 1908 (Act Apr. 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]). The plaintiff sues as the widow of her deceased husband, who was killed while in the employ of the defendant railway company. The suit is brought under the Georgia statute, which provides that a widow may recover for the homicide of her husband. The declaration discloses the fact, however, that the deceased was running as an engineer at the time he was killed, on a train engaged in interstate commerce; the particular train on which he was killed running from Greenville, S. C., to Atlanta, Ga. The contention made by the demurrer is that the employer's liability act of Congress is plenary, and that it supersedes all other law, making the employer liable to an employé for injury or death if the person injured or killed was at the time of such injury or death engaged in interstate commerce.

The question is an interesting one, and not free from doubt. Judge Rogers, in the United States Circuit Court for the Western District of Arkansas, in Fulgham v. Railroad Company, 167 Fed. 660, has determined the question in favor of the contention of the defendant company here. After some preliminary discussion, Judge Rogers states the matter in this way:

"It is clear that the act of April 22, 1908, supra, superseded and took the place of all state statutes regulating relations of employers and employés engaged in interstate commerce by railroads. It covers, not only injuries sustained by employés engaged in that commerce resulting from the negligence of the master and his servants, and from defects in the designated instrumentalities in use in that commerce, but also dealt with contributory and comparative negligence and assumed risk, making in certain cases, at least, the master an insurer of the safety of the servant while in his employment in that commerce. It covers and overlaps the whole state legislation, and is therefore exclusive. All state legislation on that subject must give way before that act. Miss. Railroad Commission v. Ills. Cent. R. R. Company, 203 U. S. 335, 27 Sup. Ct. 90, 51 L. Ed. 209. These last cases serve to show that,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

until Congress has acted with reference to the regulation of interstate commerce, state statutes regulating the relation of master and servant and incidentally affecting interstate commerce, but not regulating or obstructing it, may be given effect; but, when Congress has acted upon a given subject, state legislation must yield. In Gulf Colorado, etc., Railroad Co. v. Heffey, 158 U. S. 99, 15 Sup. Ct. 802, 39 L. Ed. 910, the court said: 'When a state statute and a federal statute operate upon the same subject-matter, and prescribe different rules concerning it, the state statute must give way.' "

This is the only authority counsel or the court have been able to find on the question since the passage of this act. The only other authority which I have been able to find since the argument of this case yesterday is an expression by Mr. Justice Field in the case of N. C. & St. L. Railway v. Alabama, 128 U. S. 96, 99, 9 Sup. Ct. 28, 29, 32 L. Ed. 352. In that opinion this is said:

"It is conceded that the power of Congress to regulate interstate commerce is plenary; that, as incident to it, Congress may legislate as to the qualifications, duties and liabilities of employés and others on railway trains engaged in that commerce; and that such legislation will supersede any state action on the subject."

It has been impossible in the brief time I have had to give this matter the thorough examination which the importance of the question deserves, but my best judgment is that this law was intended by Congress to cover the entire subject-matter of the liability of carriers by railroad while engaged in interstate commerce to employés if the employé injured or killed is at the time engaged in such interstate commerce, and that it is plenary and supersedes all other law relating to such liability. Consequently this action, founded on a state statute, cannot now be maintained.

The demurrer to the declaration will be sustained.