CASE 34.—ACTION BY L. O. LEMON'S ADMINISTRATOR AGAINST THE LOUISVILLE & NASHVILLE RAILROAD COMPANY.—February 18, 1910.

## Lemon's Admr v. L. & N. R. R. Co.

Appeal from Whitley Circuit Court.

M. J. Moss, Circuit Judge.

From an order removing the case to the United States Court plaintiff appeals.—Affirmed.

1   Removal of Causes—Citizenship—"Citizen."—The personal representative of a nonresident deceased, having qualified as such in this state, was a "citizen" of the state for purposes of the action, and as bearing on the question of removal of the cause.

2.   Removal of Causes—Jurisdiction of the United States Courts—Pleading.—Where an action is brought in this state for the death of plaintiff's intestate in Tennessee, and the Tennessee statute was not pleaded, and it was averred that the intestate was engaged in interstate service, the petition showed that it was not brought under the Tennessee law, but under the act of Congress (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), so that the state court did not have exclusive jurisdiction.

3.   Death—Evidence—Pleading.—Where an action is brought here for a death occurring in another state, the pleading

Lemon's Admr. v. L. & N. R. R. Co.

should set out the statute of the sister state if it is relied on, but it is not necessary to set out the federal employer's liability statute (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), if that is relied on, if the facts are stated that bring the cause of action within its scope, as the state courts will take judicial notice of such statutes.

4.   Courts—Removal of Causes—Action for Death—Interstate Commerce Act—Concurrent Jurisdiction.—The state courts have concurrent jurisdiction with the federal courts of actions in which it is sought to recover damages for injury or death caused by a violation of the federal employer's liability act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]), and if the action is brought in the state court and no motion for removal made, the court may consider the case, but if motion is made in due time, in the state court, by defendant, to remove the action to the federal court, the motion must prevail, the right to remove depending on the original jurisdiction of the United States court.

W. R. HENRY and FAULKNER & SHARP for appellant.

BENJAMIN D. WARFIELD and H. H. TYE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL —Affirming.

This appeal is prosecuted from an order of the Whitley circuit court removing the action to the Circuit Court of the United States for the Eastern District of Kentucky. The action was brought by E. E. Nelson as administrator of L. O. Lemon, who at the time of his death in Tennessee was a resident and citizen of that state, and left surviving him a widow and one child. Administration upon his estate was granted in the county court of Whitley county, in which county the intestate owned and had personal property. It is averred in the petition that "the defendant, Louisville & Nashville Railroad Company, employed L. O. Lemon as fireman upon

one of its engines carrying a passenger train through Kentucky and Tennessee, and he was in such employment of the defendant, acting as fireman on a passenger train and passenger engine which was carrying passengers and express consisting of personal property and merchandise from the city of Etowah, in the state of Tennessee, through the state of Tennessee and the state of Kentucky, destined for Cincinnati, in the state of Ohio.

The plaintiff's intestate was employed at that time to act as, and he was acting as, fireman upon and assisting in running the said engine and train of passenger cars and express cars from the city of Etowah, in the state of Tennessee, to the city of Corbin, in the state of Kentucky; in other words, the duty for which the plaintiff's intestate was employed at that time, compelled him to assist in running the interstate passenger train and express train between the city of Etowah, in the state of Tennessee, to the city of Corbin, in the state of Kentucky.  *  *  * Now, the plaintiff says that while the said train was running between the city of Knoxville, in the state of Tennessee, and the city of Corbin, in the state of Kentucky, and while his intestate was in the due, regular and proper discharge of his duties as fireman, the defendant Louisville & Nashville Railroad Company carelessly, negligently and wrongfully attempted to run a freight train engaged in interstate commerce and carrying freight, between Corbin, Kentucky, and Knoxville, Tennessee, on the same track upon which was the train upon which plaintiff's intestate was working, thereby causing a collision between the said two trains, and thereby carelessly, negligently, willfully, wantonly and wrong-

fully killing plaintiff's intestate in such collision to the damage of his estate in the sum of $25,000.''

Whether the action was removable or not depends on the question whether the petition states a cause of action under the statute law of Tennessee, or under the act of Congress known as the employer's liability act, that became a law on the 22d day of April, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]).

The Louisville & Nashville Railroad company is a Kentucky corporation, and the personal representative of the nonresident deceased, having rightfully qualified as such in the courts in this state, was a citizen of this state. Turner's Adm'r v. L. & N. R. Co., 110 Ky. 879, 62 S. W. 1025, 23 Ky. Law Rep. 340; Hall's Adm'r v. L. & N. R. Co., 102 Ky. 480, 43 S. W. 698, 80 Am. St. Rep. 358; Austin v. Pittsburg, etc., R. Co., 122 Ky. 304, 91 S. W. 742, 5 L. R. A. (N. S.) 756. And so the Whitley circuit court had, as between it and the federal court, exclusive jurisdiction of the cause of action if it was brought under the Tennessee statute, and the order of removal was erroneous. But, as the Tennessee statute is not pleaded, and the averment is made that the intestate was engaged in interstate service, we think it is clear that the action was not brought under the statute of that state but under the act of Congress. When an action is brought in this state for the purpose of obtaining a remedy or securing relief not allowed at common law, but granted or authorized by the statute of a sister state, the petition should set out the statute under which the relief or remedy is sought. Murray v. L. & N. R. Co., 110 S. W. 334, 33 Ky. Law Rep. 545.

It is necessary to set out the state statute relied on, but not the federal statute, if facts are stated that bring the cause of action within the scope of the federal statute, as the state courts will take judicial notice of acts of Congress, but not of the statute law of other states. L. & N. R. Co. v. Scott, 118 S. W. 990. As the common law did not permit a recovery for death caused by negligence, it is manifest that the action was not brought under the common law, and as facts were not pleaded that would sustain the action under the statute of Tennessee, there is no escape from the conclusion that it was brought under the federal statute, which allows a recovery in cases like this. The question then arises, have the courts of the state concurrent jurisdiction with the federal courts to hear and determine a cause of action rested upon a federal statute; and, if so, should a case brought in the state court be removed to the federal court if the motion to remove is made in due time. We do not doubt that the state courts have concurrent jurisdiction with the federal court of actions in which it is sought to recover damages for injury or death caused by a violation of the federal act. There is nothing in the act that denies to the state court the right to enforce its provisions.

It is a law of general application. Wherever interstate commerce is engaged in, the law is in force. Its provisions are binding alike upon state and federal courts. In short, in so far as it is applicable it is the supreme law of the land. And so, it is not only the right but the duty of all the courts—state and federal alike to give effect to its provisions when they are invoked by a person having the right

to rely upon them. A good illustration of the fact
that state courts will enforce federal statutes is
found in numerous cases against common carriers in
which they have been held liable for failure to com-
ply with the federal statute relating to the feeding
and watering of animals during transportation. I
C. R. Co. v. Eblen, 114 Ky. 817, 71 S. W. 919, 24 Ky.
Law Rep. 1609; C., N. O. & T. P. Ry. Co. v. Gregg,
80 S. W. 512, 25 Ky. Law Rep. 2329; C. & O. Ry.
Co. v. American Exchange Bank, 92 Va. 495, 23 S. E.
935, 44 L. R. A. 449. Therefore, if an action in
which the provisions of this act are relied on is
brought in the state court, and no motion in due
time is made by the defendant to remove it to the
federal court, the state court may apply its pro-
visions. But if a motion is made, in due time, in
the state court, by the defendant, to remove the ac-
tion to the federal court, this motion must prevail.

The act of Congress relating to the removal of
actions was carefully considered by this court in
Nicholas v. C. & O. Ry. Co., 127 Ky. 310, 105 S. W.
481, 32 Ky. Law Rep. 270, 17 L. R. A. (N. S.) 861,
a case in which it was sought to recover damages
under the federal statute, and it was there said that
as the removal statute gives Circuit Courts of the
United States "'original cognizance, concurrent
with the courts of the several states, of all such suits
of a civil nature, at common law or in equity, where
the matter in dispute exceeds, exclusive of interest
and costs, the sum or value of two thousand dollars,
and arising under the Constitution or laws of the
United States. * * *' And further provides
that 'any suit of a civil nature, at law or in equity,
arising under the Constitution or laws of the United
States, or treaties made, or which shall be made,

under their authority, of which the Circuit Courts of the United States are given original jurisdiction by the preceding section, which may be now pending or which may hereafter be brought in any state court, may be removed by the defendant or defendants therein to the Circuit Court of the United States for the proper district.' It will thus be seen that, wherever the Circuit Courts of the United States have original jurisdiction of the subject-matter of the controversy, the defendants may remove the same from the state to the federal courts; the right to remove being made to turn upon the question of original jurisdiction. It will also be observed that the original jurisdiction in the federal courts is not required to be exclusive, but concurrent; and where the jurisdiction is original, although concurrent, the right of removal exists.''

We are therefore of the opinion that the action was removable, and that, in so ordering, the lower court did not err.'

Wherefore the judgment is affirmed.