## Yellow Poplar Lumber Co. v. Ford, By, et al.

(Decided December 1, 1910.)

## Appeal from Pike Circuit Court.

1. Master and Servant—Injury to Servant—Pleading—Amendment— Sufficiency—Grounds for Continuance.—In an action for damages by an employe engaged in drilling holes in the ground, in which dynamite was used to fire off the holes at a certain depth, to facilitate the boring, in which one of the employes was injured by the explosion of the dynamite left in the hole the previous day without plaintiff's knowledge, an allegation in the petition that "the injury caused the plaintiff much physical and mental pain and suffering, and as plaintiff believes permanently injured the use of his left hand," when traversed was sufficient to sustain the verdict, the amended petition added nothing to the issue which had been joined between the parties, and made no cause for a continuance of the case.

2. Personal Injury—Occurring in Another State—Common Law Remedy.—In an action in this State for damages for a personal injury, where death does not result, where the proof shows the injury occurred in another State, a common-law cause of action is shown, and it may be maintained in this State and a recovery had on the presumption that the common law of the State where the injury occurred is the same as it is here, unless the contrary appears.

3. Negligence of Boss—Injury to Servant—Use of Dynamite.—Where the boss in charge of hands engaged in boring holes in the ground had put dynamite in one of the holes which he knew or should have known had not exploded, and on the next day, with this knowledge, he put men to work drilling in the holes, they having no information that one of them had dynamite in it, and by reason of his negligence in putting them to work in this unsafe place, one of them was injured by the explosion of the dynamite, the boss by such act neglected a duty which the law imposed, and for this negligence the master is answerable in damages to the one injured.

4. Personal Injury—Permanent Injury to Thumb—Damages Awarded.—Where in an action for a personal injury the evidence shows that plaintiff's thumb was made stiff and shrunken and the power to grasp anything with that hand is practically destroyed, and the testimony of the physician who treated him was to the effect that his injury was permanent, an award of $1,400.00 by the jury was not excessive.

FRED FORCHT, JR., YORK & JOHNSON and HAGER & STEWART for appellant.

ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Luther Ford was in the employment of the Yellow Poplar Lumber Company working in a gang of men under a boss named George Fraley, drilling holes. When a hole got down to a certain depth it was customary to put in a piece of dynamite and fire it off to facilitate the boring. One evening Fraley with another man put dynamite in a number of holes, and undertook to fire off the dynamite, but the dynamite in one hole did not go off. Fraley's attention was called to this by the man who was working with him, but he took no pains to learn whether the dynamite had gone off or not. The man who told Fraley that the dynamite had not gone off knew it because of the condition in which the wire was left, and the proof is to the effect that by slight care a man can always learn if the dynamite has gone off. On the next day Fraley put Luther Ford, and some other men drilling in the hole where the dynamite had not been discharged, and when the drill came in contact with the dynamite, there was an explosion which blew the drill out of the hole and through Ford's left hand. Some rocks were blown from the ground below into his hand, and he received a painful injury about the thumb, which caused it to be stiff in the first two joints, and his other hand was powder burnt. He brought this suit against the company to recover for his injuries, and a judgment having been entered in his favor for $1,400, the defendant appeals.

The first question made on the appeal is that the court should have sustained the defendant's motion for a continuance when the plaintiff filed an amended petition on the trial. The only allegation in the amended petition is that the plaintiff's injury was permanent. It is insisted that the defendant was not apprised of this claim, and was not ready to try upon it. But in the original petition there was the averment that the injury "caused plaintiff much physical and mental pain and suffering, and as plaintiff believes has permanently injured and disabled the use of plaintiff's left hand." While the allegation that the plaintiff believed the fact to exist was not sufficient, it was made good by the answer in which the defendant denied that the injury "has permanently injured or disabled the use of the plaintiff's left hand." The amended petition added nothing to the issue which had thus been joined between the parties, and there was no cause shown for a continuance.

The defendant introduced no proof on the trial but it appeared from the plaintiff's proof that the injury occurred in the State of Virginia. On practically the same facts we sustained a recovery in Harp v. Cumberland Tel. Co., 25 R. 2133; Pitts v. Wells, 31 R. 208. The injury in these cases occurred in Kentucky. The law of Virginia was not pleaded by either of the parties. There is no proof in the record as to what the law of Virginia is. We do not take judicial notice of the laws of another State. What the law of another State is must be proven as any other fact where it is relied on to maintain an action or defense. (C. & N. R. R. Co. v. Venable, 111 Ky. 41; Murray v. L. & N. R. R. Co., 132 Ky. 336; Union Central Life Ins. Co. v. Dukes, 132 Ky. 370.) Where there is no proof on the subject it is presumed that the common law of a sister State is the same as the common law of Kentucky. (L. & N. R. R. Co. v. Smith, 135 Ky. 462, and cases cited.) Where an injury occurs in another State, and death results, as no action lay at common law to recover for death, no common-law action lies here; but where death does not result, and a common law cause of action is shown, an action may be maintained here, and a recovery had, on the presumption that the common law of the State where the injury occurred, is the same as it is here, unless the contrary appears.

The sum of facts shown by the plaintiff is this: The boss had put the dynamite in the hole, and knew or should have known that it had not exploded. On the next day with this knowledge he put the men to drilling in the hole, they having no information that he had put the dynamite in it the day before. By reason of his negligence in putting them to work at this unsafe place, the plaintiff was injured. As we understand the common-law rule, the duty to exercise reasonable care to furnish the servant a reasonably safe place to work is imposed on the master and is not assignable. The boss here in putting the men to work at this hole, neglected a duty which the law imposed, and for this negligence the master is answerable. (4 Thompson on Negligence, section 3874.) Fraley was not the fellow servant of Ford, and the master is none the less liable for Fraley's putting Ford to work at this hole, because Fraley had himself put the dynamite in the hole the day before.

Lastly, it is insisted that the recovery is excessive. The proof is uncontradicted that the thumb is stiff and shrunken, and that the power to grasp anything with that

hand is much impaired or practically destroyed. Ford was earning $1.50 a day at the time, and at the trial nine months afterwards, was in the condition we have indicated. He had been able to do little or no work in the meantime, and the testimony of the physician was to the effect that his injuries were permanent. We cannot say therefore that the amount recovered is excessive.

Judgment affirmed.