## CORY v. LAKE SHORE & M. S. RY. CO.

### (District Court, N. D. Ohio, E. D.    March 17, 1911.)

#### No. 8,044.

MASTER AND SERVANT (§ 250\*)—EMPLOYERS' LIABILITY ACT—EXCLUSIVENESS OF REMEDY.

Where a railroad employé is killed or injured while engaged in interstate commerce in the course of his employment in another state than that of his residence, the remedy given by federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1911, p. 1322), is exclusive, and an action cannot be maintained under a statute of the state where the injury occurred.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 805; Dec. Dig. § 250.\*]

At Law. Action by W. A. Cory, administrator of the estate of Albert L. Stafford, deceased, against the Lake Shore & Michigan Southern Railway Company. On motion to strike paragraph from answer. Motion sustained.

C. W. Dille, of Cleveland, Ohio, for plaintiff.
Cook, McGowan & Foote, of Cleveland, Ohio, for defendant.

KILLITS, District Judge. The plaintiff is administrator of the estate of Albert L. Stafford by appointment in the probate court of Cuyahoga county, Ohio. He alleges in his petition that the decedent came to his death while in the employ of the defendant through defendant's negligence on an occasion when defendant and decedent, as defendant's employé, were engaged in interstate commerce.

To the petition an answer has been filed, containing, among other things, this allegation:

"Further answering, defendant says that prior to the bringing of this action an action was brought in this court by Reznor Stafford, father of said Albert L. Stafford, deceased, and his sole beneficiary, against this defendant, being action No. 8,021 on the docket of this court, which said action is still pending in this court; that in said action said Reznor Stafford seeks to recover from this defendant damages for the death of said Albert L. Stafford on the same cause of action and upon the same issues as those upon which this action are brought."

The case is before the court on motion of the plaintiff to strike this allegation from the answer.

The accident occurred in the state of Pennsylvania. The decedent was unmarried and childless, and was domiciled in Cuyahoga county. Reznor Stafford, his father, was a resident of the state of Pennsylvania, in which state the law gives him a right of action for the death of his son without the intervention of a personal representative, and, assuming to act under the Pennsylvania law, he brought the action spoken of in the paragraph sought to be stricken from defendant's answer.

The question thus raised is whether the federal employers' liability act, under which this action is brought, is exclusive, or whether it is

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

merely concurrent with the state law to the end that an action brought under the state law makes it impossible, while the same is pending, to bring an action under the federal statute.

We think, upon the facts of this case as set out in the petition, the decedent being a resident of Ohio, the accident occurring when the decedent was engaged in the course of his employment for the defendant in interstate commerce, an action lies only under the federal employers' liability law, and that the paragraph moved against states no matter of defense and should be stricken out.

In this we follow Fulgham v. Midland Valley Ry. Co. (C. C.) 167 Fed. 660; Dewberry v. Southern R. Co. (C. C.) 175 Fed. 307; Taylor v. Southern R. Co. (C. C.) 178 Fed. 380; Whittaker v. Illinois Central R. Co. (C. C.) 176 Fed. 130. While these cases are none of them exactly on all fours with the case at bar as to the facts, yet they approach the proposition from standpoints clearly analogous, and in the discussion of the facts each court finds itself moved to declare in general language that the federal law is exclusive.

In Whittaker v. Illinois Central R. Co., supra, the question was clearly put to the court whether the plaintiff did not have an action under the state law which could be brought in the federal court based on diversity of citizenship, upon which proposition the court says:

"Conceding the act of Congress to be constitutional, in the courts of the United States, at least, it is superior to and supersedes any state law or jurisprudence on the same subject."

We are not out of harmony with Troxell v. Delaware, L. & W. R. Co. (C. C.) 180 Fed. 871, in which case the court does not disapprove of the doctrine of the cases which we cite above, but bases its decision sustaining a verdict, when brought in its court by the widow rather than the personal representative of the decedent, upon the theory that when it appears that the decedent was injured when in the employ of the defendant while engaged in intrastate as well as interstate commerce, as distinguished from a case of exclusive interstate commerce, either the federal act or the state practice may be invoked.

The paragraph moved against is stricken from the answer, and defendant may amend its answer to conform to this order and have its exceptions.