GULF, C. & S. F. RY. CO. v. LESTER et al.

(Court of Civil Appeals of Texas. Austin. June 29, 1912.)

1. DEATH (§ 9*)—ACTION—PARTIES—EMPLOYER'S LIABILITY—STATE AND FEDERAL STATUTES.

The state statute, authorizing action for death of a railroad employé by those entitled to the benefit of the recovery, is superseded, in the case of an employé of a railroad engaged in interstate commerce, killed while in such employment, by Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), declaring such carrier liable to deceased's personal representative, for the benefit of specified persons.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 11; Dec. Dig. § 9.*]

2. PARTIES (§ 76*)—ACTION BY WRONG PARTY—WAIVER OF OBJECTION—ANSWERING TO MERITS.

The right of action for death of an employé of a railroad engaged in interstate commerce, killed while in such employment, being wholly dependent on Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 (U. S. Comp. St. Supp. 1911, p. 1324), declaring the railroad liable to deceased's personal representative for the benefit of certain persons, the right to insist on the defense that the action cannot be maintained by the beneficiaries is not waived by first answering to the merits in the action brought by them.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 117–121; Dec. Dig. § 76.*]

Appeal from District Court, Bell County; John D. Robinson, Judge.

Action by Mrs. B. B. Lester and another against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs. Defendant appeals. Reversed and dismissed.

Terry, Cavin & Mills, of Galveston, and A. H. Culwell, of Dallas, for appellant. Winbourne Pearce and A. L. Curtis, both of Belton, for appellees.

RICE, J. B. B. Lester, on the 27th of October, 1909, while engaged as a locomotive engineer on appellant's line of railway between Temple and the Leon river, was killed in a head-on collision, and this suit was brought by appellee, his surviving widow, against appellant, for herself and as next friend for her minor daughter, to recover damages therefor, alleging that his death was occasioned through the negligence of the railway company, in that it failed to adopt a system of rules for the operation of its trains which was reasonably safe. Appellant specially excepted to plaintiffs' petition, and pleaded in bar of said action that plaintiffs were not entitled to recover, because at the time of the accident her deceased husband was an employé of appellant, who as a common carrier was engaged in interstate commerce, and this fact was established by the uncontroverted evidence. There were other pleadings, not necessary to be stated.

A jury trial resulted in a verdict and judgment in behalf of Mrs. Lester in the sum of $15,000, and in favor of her minor daughter in the sum of $5,000, from which this appeal is prosecuted.

[1] The court overruled appellant's exceptions and special plea, and likewise refused to give several special charges asked by it, directing a verdict in its favor on the ground that plaintiffs were not entitled to maintain this suit, because the evidence showed that the railway company at the time of the accident was engaged in interstate commerce, and the deceased was employed by it in carrying such commerce. Did the court err in refusing to sustain said plea, or in declining to so charge the jury? The answer to this question necessarily involves a consideration of the act of Congress, relating to the liability of common carriers, of April 22, 1908 (35 Stat. 65, c. 149), as amended by the act of April 5, 1910 (36 Stat. 291, c. 143 [U. S. Comp. St. Supp. 1911, p. 1324]), known as the Employer's Liability Act, which provides by its first section that "every common carrier by railroad, while engaged in commerce between any of the several states or territories, etc., * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and if none, then of such employé's parents and if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employés of such carrier, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves or other equipments." Our state statute on this subject declares that "every corporation, receiver or other person operating any railroad in this state shall be liable in damages to any person suffering injury while he is employed by such carrier operating such railroad, or in case of the death of such employé to his or her personal representative, for the benefit of the surviving widow and children or husband and children, and mother and father of the deceased, and if none, then of the next (of) kin dependent upon such employé, for such injury or death, resulting in whole or in part from the negligence of the officers, agents or employés of such carrier," etc. This act provides that, in case of the death of such employé, the action may be brought without administration by all the parties entitled thereto, or by any one or more of them for the benefit of all, and, if all the parties be not before the court, the action may proceed for the benefit of such of said parties as are before the court.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Acts 31st Leg. p. 279, approved April 13, 1909.

It will be observed that the federal act has no such provision relative to the rights of the beneficiaries to bring suit without administration, but the cause of action is declared in the federal statute to exist only to the personal representative of the deceased, for the benefit of his family, etc. It is insisted by appellant that there is a conflict in this respect between the two statutes, and that, this being true, the state statute can furnish no basis for a recovery, when the injury, as in the present case, from which death results to an employé, occurs while he was at work for the carrier engaged in interstate commerce, and that the action must, in such cases, be brought, if at all, by the personal representative of the deceased, to wit, the executor or administrator, and not by the beneficiaries named in the federal statute. We are inclined to agree with this contention. In the cases of Mondou v. New York, New Haven & Hartford Ry. Co., Northern Pacific Ry. Co. v. Babcock, Adm'x, and the cases of New York, New Haven & Hartford Ry. Co. v. Walsh, Adm'x, and Walsh v. New York, New Haven & Hartford Ry. Co., 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. ——, decided by the Supreme Court of the United States January 15, 1912, where the federal statute above alluded to was passed on, the court held that, where the regulations thereof were in conflict with the laws of the state on the same subject, the federal law superseded and controlled, quoting with approval an extract from the opinion of Chief Justice Marshall in McCullough v. Maryland, 4 Wheat. 316, 4 L. Ed. 579, as follows: "If any one proposition could command the universal assent of mankind, we might expect it would be this: That the government of the Union, though limited in its powers, is supreme within its sphere of action. This would seem to result necessarily from its nature. It is the government of all; its powers are delegated by all; it represents all and acts for all. Though any one state may be willing to control its operations, no state is willing to allow others to control them. The nation, on those subjects on which it can act, must necessarily bind its component parts. But this question is not left to mere reason. The people have, in express terms, decided it by saying, 'This Constitution, and the laws of the United States, which shall be made in pursuance thereof, * * * shall be the supreme law of the land,' and by requiring that the members of the state Legislatures, and the officers of the executive and judicial departments of the states, shall take oath of fidelity to it. The government of the United States, then, though limited in its powers, is supreme; and its laws, when made in pursuance of the Constitution, form the supreme law of the land, 'anything in the Constitution or laws of any state to the contrary, notwithstanding.' This great principle is that the Constitution and laws made in pursuance thereof are supreme; that they control the Constitution and laws of the respective states, and cannot be controlled by them." Continuing, the court says: "And particularly apposite is the repetition of that principle in Smith v. Alabama, 124 U. S. 465–473 [8 Sup. Ct. 564, 566 (31 L. Ed. 508)]: 'The grant of power to Congress in the Constitution to regulate commerce with foreign nations and among the several states, it is conceded, is paramount over all legislative powers which, in consequence of not having been granted to Congress, are reserved to the states. It follows that any legislation of a state, although in pursuance of an acknowledged power reserved to it, which conflicts with the actual exercise of the power of Congress over the subject of commerce, must give way before the supremacy of the national authority.' True, prior to the present act, the laws of the several states were regarded as determinative of the liability of employers engaged in interstate commerce for injuries received by their employés while engaged in such commerce. But that was because Congress, although empowered to regulate that subject, had not acted thereon, and because the subject is one which falls within the police power of the states, in the absence of action by Congress. Sherlock v. Alling, 93 U. S. 99 [23 L. Ed. 819]; Smith v. Alabama, supra; Nashville, etc., Ry. v. Alabama, 128 U. S. 96, 99 [9 Sup. Ct. 28, 32 L. Ed. 352]; Reid v. Colorado, 187 U. S. 137, 146 [23 Sup. Ct. 92, 47 L. Ed. 108]. The inaction of Congress, however, in no wise affected its power over the subject. The Lottawanna, 21 Wall. 558, 581 [22 L. Ed. 654]; Gloucester Ferry Co. v. Pennsylvania, 114 U. S. 196, 215 [5 Sup. Ct. 826, 29 L. Ed. 158]. And, now that Congress has acted, the laws of the states, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is. Gulf, Colorado & Santa Fé Ry. Co. v. Hefley, 158 U. S. 98, 104 [15 Sup. Ct. 802, 39 L. Ed. 910]. Southern Ry. Co. v. Reid (No. 487) 222 U. S. 424 [32 Sup. Ct. 140, 56 L. Ed. 257]; Northern Pac. Ry. Co. v. Washington (No. 136) 222 U. S. 370 [32 Sup. Ct. 160, 56 L. Ed. 237]. See, also, El Paso & Northeastern Ry. Co. v. Enedina Gutierrez, 215 U. S. 87, 30 Sup. Ct. 21, 54 L. Ed. 106; also American Railroad Co. of Porto Rico v. Ann Elizabeth Birch and Earnest Victor Birch, 224 U. S. 547, 32 Sup. Ct. 603, 56 L. Ed. 879, decided by the Supreme Court of the United States May 13, 1912, where it is held that the widow and son of a deceased railway employé cannot bring in their own name the action for damages given by the federal Employer's Liability Act above alluded to, notwithstanding there existed a local

employer's liability act which gave a cause of action, when the conditions of liability exist, to the widow of the deceased or to his children or dependent parents; the court holding that the national act must control in such cases. For other cases bearing upon the subject of who should maintain the suit, see C., C., C. & St. L. Ry. v. Osgood, 36 Ind. App. 34, 73 N. E. 285; Yelton v. E. & I. Ry., 134 Ind. 414, 33 N. E. 629, 21 L. R. A. 158; Lovell v. De Bardelaben Coal Co., 90 Ala. 13, 7 South. 756; Dewberry v. Southern Ry. Co. (C. C.) 175 Fed. 307; Hoxie v. N. Y., N. H. & H. Ry., 82 Conn. 352, 73 Atl. 754, 17 Ann. Cas. 324; T. C., I. & R. Co. v. Herndon, 100 Ala. 451, 14 South. 287; Railway Co. v. Lacey, 49 Ga. 106; Stewart v. L. & N. Ry. Co., 83 Ala. 493, 4 South. 373; Thornton, Employers' Liability, § 73; Reno's Employer's Liability Acts, c. 8; L. E. & W. Ry. Co. v. Charman, 161 Ind. 95, 67 N. E. 923.

No case has gone to judgment, so far as we are advised, in our Supreme Court, where the exact point here presented has been passed on. In the recent case of M., K. & T. Ry. Co. of Texas v. Mrs. Linnie Blalack et al. (decided by said court June 15, 1912) 147 S. W. 559, the same contention as raised here was urged; but the court, after granting a rehearing expressly on the ground that the deceased at the time of his injury was an employé of defendant, who was engaged in interstate commerce, and therefore the plaintiff could not bring the suit in her individual capacity, did not decide the question involved, because it determined that the deceased was not the servant of the company at the time of the accident, but was in fact a passenger. It seems, therefore, that the question, so far as our own state is concerned, is an open one; but we think, under the doctrine announced by the Supreme Court of the United States, that there can be no question but that appellant's contention is sound, for which reason we hold that the plaintiff was without capacity to maintain this suit. There seems, however, no doubt but what, under the authorities, this action could have been brought by the personal representative of the deceased in the state courts under the federal statute. Claflin v. Houseman, 93 U. S. 136, 23 L. Ed. 833; The Moses Taylor, 4 Wall. 429, 18 L. Ed. 397; Martin v. Hunter's Lessee, 1 Wheat. 334, 4 L. Ed. 97; H. & T. C. Ry. Co. v. Lewis, 103 Tex. 452, 129 S. W. 594; Lemon, Adm'r, v. L. & N. Ry., 137 Ky. 276, 125 S. W. 701; Nicholas v. Ry. Co., 127 Ky. 310, 105 S. W. 481, 17 L. R. A. (N. S.) 861. In fact, the amendment to said Employer's Liability Act, passed April 5, 1910, expressly provides by section 6 thereof that the jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, "and no cases arising under this act, and brought in any state court of competent jurisdiction, shall be removed to any court of the United States." It is true that the amendment was passed subsequent to the injury complained of in this case; but, in the absence of a statute, under the authorities above referred to, it seems that this right existed prior to its enactment, for which reason appellant's contention that the federal courts have exclusive jurisdiction is overruled.

[2] But it is contended by appellees that appellant has waived its right to insist upon this defense, because it first answered to the merits and subsequently set same up by amendment. We do not believe this contention is sound, for the reason that after the federal enactment upon the subject no right of action whatever in this character of cases could have been based upon the state statute, and it was just as though the state statute was not in existence. Appellant's liability existed by reason of the federal statute alone, there being no common-law liability. This being true, the right of action is wholly and entirely dependent upon the statute itself. While the plaintiff and her minor children were named as beneficiaries therein, still the cause of action arising out of the *liability of appellant under the statute was given to the personal representative of the deceased, and not to said beneficiaries.* This being true, it seems to us that it follows that no one, except said representative, could maintain the suit. If this were not true, then the defendant might be harassed with several suits, brought by different beneficiaries, as well as by the administrator or executor of the deceased. If the suit had been instituted and prosecuted to judgment by the beneficiaries, we do not believe that it would bar another suit brought by the personal representative of the deceased. In fact, such has been the holding of the Supreme Courts of Indiana and Alabama upon this subject. See C., C., C. & St. L. Ry. Co. v. Osgood, supra; also, L. E. & W. Ry. v. Charman, supra. In the case of Yelton v. E. & I. Ry., supra, the personal representative of the deceased filed suit. The railway company pleaded that it made settlement with the widow, who was the only heir of the deceased. The plaintiff demurred to this answer, and the Supreme Court of Indiana, in passing upon the question thus raised, disposed of it on the following reasoning: "The damages recovered inure to the exclusive benefit of the widow and children of the deceased. In this case, there being no children, the damages would inure to the sole benefit of the widow; but she could not prosecute the action. It must be prosecuted by the administrator. This being true, if the widow can compromise the cause of action and release the damages, so as to terminate the suit, it places the administrator in the anomalous position of having the sole right to prosecute the action,

and gives to the widow, or widower, or children, if there be children, the right to compromise the action outside of the court, and cancel the claim for damages upon which the action is based. While it would give to the administrator the sole right to prosecute the action, yet he would not have the sole right to control the prosecution of the action, once commenced. It would seem that the law which authorizes a person to prosecute an action would give to him, by necessary implication, the right to control such prosecution, and not permit one, not a party to the action, and having no right to be a party to the action, to compromise the action. While the actions under this section of the statute are prosecuted for the benefit of, and the damages inure to, the exclusive benefit of the widow and children of the deceased, yet it contemplates the collection of the damages by the administrator and turning the same over to the widow and children on final settlement."

We conclude, therefore, that no one except the personal representative of the deceased could maintain this suit, and hold that the court erred in its rulings complained of, for which reason its judgment is reversed, and the cause dismissed without prejudice to such rights as the personal representative of the deceased may have.

Reversed and dismissed.