## Stewart's Administratrix v. Bacon et al.

(Decided Feb. 23, 1934.)

(As Modified on Denial of Rehearing May 4, 1934.)

R. L. POPE, JAMES M. GILBERT, JESSE D. TUGGLE, and JAMES S. GOLDEN, for appellant.

STOLL, MUIR, TOWNSEND & PARK and H. H. OWENS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant, as administratrix of Rosa Lee Stewart, by this action sought to recover of the three defendants, J. R. Bacon et al., $40,000 as damages for the death of her intestate, which is alleged to have resulted from the negligence of the defendants. At the conclusion of the evidence for the plaintiff, upon motion of the defendants the court directed a verdict for them. The plaintiff's motion for a new trial having been overruled, she has appealed.

We need discuss the evidence no further than to say that it shows both the alleged negligence of the defendants and the resulting death of plaintiff's intestate occurred wholly in the city of Cobourg, county of Northumberland, province of Ontario, Dominion of Canada.

An action for a tort committed in a foreign country will lie only when it is based upon an act which will be considered as tortious both by the law of the place where committed (lex loci delicti commissi) and by the law of the place where the court sits (lex loci fori); and in such a case the law of the place where the tort was committed (in this case the law of Ontario, Canada) governs. 5 R. C. L. p. 1038, sec. 129; 12 C. J. p. 452, sec. 35; Williamson v. N. & W. R. Co., 160 Ky. 161, 169 S. W. 613; Collins v. N. & W. Ry. Co., 152 Ky. 755, 154 S. W. 37; L. & N. R. Co. v. Keiffer, 132 Ky. 419, 113 S. W. 433; L. & N. R. Co. v. Moran, 148 Ky. 419, 146 S. W. 1131; Keiffer v. L. & N. R. Co., 143 Ky. 383, 136 S. W. 858; Yellow Poplar Lumber Co. v. Ford, 141 Ky. 5, 131 S. W. 1010; Frost v. Cone Taxi & Livery Co., 126 Me. 409, 139 A. 227; Whitford v. Panama R. R. Co., 23 N. Y. 465; Dicey Conflict of Laws, 660; De Harn v. R. Co., 86 Tex. 68, 23 S. W. 381; Wooden v. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Carter v. Goode, 50 Ark. 155, 6 S. W. 719; Ash v. R. Co., 72 Md. 144, 19 A. 643, 20 Am. St. Rep. 461; Northern P. R. Co. v. Babcock, 154 U. S. 190, 14 S. Ct. 978, 38 L. Ed. 958; Texas & P. R. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; Dewitt v. Buchanan, 54 Barb. (N. Y.) 31; Wharton, Conflict of Law, sec. 478.

This is a transitory action (see section 78, Ky. Civil Code of Practice), and the law of the place where the injury occurred (Ontario) governs in respect to the right of action. 62 C. J. p. 1109, secs. 27 and 28. There is neither allegation nor proof of what that law may be. The court will not take judicial notice of the laws of other states or foreign countries, whether they be of statutory or judicial determination, but they must be proved in the same manner as other facts. See Lape v. Miller, 203 Ky. 742, 263 S. W. 22, and the cases collected under the Title, Evidence in 8 Ky. Digest; 23 C. J. p. 134, sec. 1951.

"It is a presumption that the common law prevails in states which are known to be of common law origin * * * so that the presumption may undoubtedly be indulged in with respect to the law of Canada, whose jurisprudence is judicially known to be based upon the common law." 10 R. L. C. p. 894, sec. 42.

In 12 C. J. p. 202, sec. 34, it is thus stated:

"It is presumed in the absence of proof to the contrary that the common law prevails in Canada and other British colonies."

"Where an action is brought in one state based on facts occurring in another state which do not constitute a common law right of action, it is necessary for the plaintiff to plead and prove that in such other state there is a statute permitting a recovery otherwise it will be presumed that the common law is in force there, and therefore that the action is not maintainable." 5 R. C. L. p. 1039, sec. 129.

The residence of the litigants does not determine the law applicable to their controversy. See L. & N. R. Co. v. Keiffer, 132 Ky. 419, 113 S. W. 433. Courts do not know the law of any other state, whether the state be one of the states of this Union or a foreign state. It is necessary both to plead and prove such laws, and unless this is done only one presumption arises, and that is that the common law of a foreign state is the same as the common law of Kentucky. There is no presumption without pleading and proof as to what is the statute of any other state or foreign country. The common law of Ontario then being presumed to be the same as the common law of Kentucky, this case must be governed by the common law of Kentucky. It is well settled at common law that there can be no recovery for

death. This principle is well set out in the opinion of this court in the case of Gregory v. Illinois Central Ry. Co., 80 S. W. 795, 26 Ky. Law Rep. 76, in which case the court said:

" 'The common law allowed of no remedy, by way of civil action, for an injury causing the death of a human being. Such injury must necessarily precede death, and the law did not allow any cause of action for an injury to the person to survive him. * * *

" 'No one, whether as executor, master, parent, husband, wife, or child, or in any other right or capacity, could maintain an action for damages on account of the death of a human being.' * * *

"The maxim, 'Actio personalis moritur cum persona,' was the uniform rule of the common law, and prevails in Kentucky today, except where it has been modified by the express language of the Constitution and statute."

This question is discussed with elaboration in L. & N. Ry. Co. v. McElwain, 98 Ky. 700, 34 S. W. 236, 18 Ky. Law Rep. 379, 34 L. R. A. 788, 56 Am. St. Rep. 385.

## The Directed Verdict.

The appellant argues that it was the duty of the defendants to allege and prove the law of Canada if they desired to rely thereon, and that in the absence of both allegation and proof thereof the court should have presumed it is the same as that of Kentucky, and hence erred in directing a verdict for the defendants and in support of this contention they cite: 23 C. J. p. 131, sec. 1948; 45 C. J. p. 1193, sec. 768; 22 C. J. p. 151, sec. 87; 16 C. J. p. 540, sec. 1019; and also some opinions from other states, but our rule is to the contrary.

In Murray's Adm'x v. L. & N. R. Co., 132 Ky. 336, 110 S. W. 334, 335, 33 Ky. Law Rep. 545, a case on all fours with this one, we said:

"While it is presumed that the common law prevails in a sister state, it is not presumed that the statutes of a sister state are the same as the statutes of this state."

Certainly then we cannot indulge such a presumption as to the statutes of Ontario. We cited and followed the Murray Case in Yellow Poplar Lumber Co. v.

Ford, 141 Ky. 5, 131 S. W. 1010. We cited it again in Lemon's Adm'r v. L. & N. R. Co., 137 Ky. 276, 125 S. W. 701, 703, and said:

"When an action is brought in this state for the purpose of obtaining a remedy or securing relief not allowed at common law, but granted or authorized by the statute of a sister state, the petition should set out the statute under which the relief or remedy is sought."

The case of Austin's Adm'r v. Pittsburg, C., C. & St. L. Ry. Co., 122 Ky. 304, 91 S. W. 742, 28 Ky. Law Rep. 1235, 5 L. R. A. (N. S.) 756, is not authority to the contrary, as that was an action for personal injury (maintainable at common law) and while it was pending the plaintiff died, and the question involved was the plaintiff's right to revive that cause of action.

The rule announced in the Murray Case is in harmony with the rule prevailing in some other jurisdictions. See Orr v. Ahern, 107 Conn. 174, 139 A. 691; Davis v. N. Y. & N. E. R. Co., 143 Mass. 301, 9 N. E. 815, 58 Am. Rep. 138; Needham Adm'r v. Grand Trunk Ry. Co., 38 Vt. 294; Hyde v. Wabash, St. L. & P. Ry., 61 Iowa, 441, 16 N. W. 351, 47 Am. Rep. 820; O'Reilly v. N. Y. & N. E. R. Co., 16 R. I. 388, 17 A. 171, 906, 19 A. 244, 5 L. R. A. 364, 6 L. R. A. 719; Sanders' Adm'x v. L. & N. R. Co. (C. C. A.) 111 F. 708; St. Louis & S. F. R. Co. v. Loughmiller (D. C.) 193 F. 689.

The court did not err in directing a verdict for the defendants. Discussion of other questions raised is unnecessary.

Judgment affirmed.