## Norfolk & W. Ry. Co. v. Stewart.
(Decided Dec. 7, 1937.)

WHITWELL W. COXE, W. R. McCOY and GOODYKOONTZ & SLAVEN for appellant.

JASPER H. PREECE and W. H. D. PREECE for appellee.

OPINION OF. THE COURT BY JUDGE CLAY—Affirming.

The appeal is from a $2,999 judgment for personal injuries.

The facts are: Stewart, a coal miner, lived in Martin county across the river from the town of Naugatuck, W. Va. In going to and from his work he used highway No. 52, which passed through Naugatuck and thence to the coal camp. Late in the evening of August 15, 1935, Stewart left the office of the coal company, which is about one mile east of Naugatuck, and spent a while at a roadhouse, where he remained until shortly before 8 o'clock. During his stay there he drank some, and there is a conflict of opinion among the witnesses as to whether or not he was intoxicated. He then started for his home along highway No. 52. A short distance away, appellant's Y track leads over the highway crossing to a siding attached to the company's Lenore branch. At

that time an engine and tender were backing toward the crossing. It was a dark and rainy night. According to appellant, when he arrived at the crossing, he stopped, looked, and listened, and, seeing no train approaching, stooped over to tie his shoe. In a moment he was struck by the engine and severely injured. There was no light on the rear of the engine, and no signal of its approach was given. At the same time a train was approaching on appellant's main line and was making a great deal of noise. Appellant's evidence is confirmed by Sam Hensley, who was with him at the time of the accident. According to the witnesses for appellant, there were four men on the engine; the engineer and fireman, who were in the engine, and the conductor and head brakeman, who were on the sill at the end of the tank. When the engine arrived at the motorcar house, which was several feet from the crossing, the fireman claims to have discovered Stewart sitting on the end of a tie stooped over. The lanterns which the conductor and head brakeman had threw a light only three or four feet, and they never saw Stewart until just before the tender passed over. After going a few feet the engine stopped on or near the crossing. Shortly thereafter, the conductor and the head brakeman went back and found Stewart lying near the runway of the motorcar house furthest west of the crossing. They then went to get help, and when they returned Stewart was lying at the same place. The place where Stewart was sitting when first seen to the nearest point of the highway crossing was something like 40 feet. Besides the conductor and head brakeman, other witnesses testified that when they reached the scene Stewart was lying some distance from the highway. According to Gora Hager, when he first saw Stewart they were holding him up in the runway trying to see who he was. He never saw any of the railroad men when he first arrived. After he arrived Stewart was moved twice that he knew of. Other witnesses, including some for the plaintiff, testified that when they arrived Stewart was lying near the runway when they first saw him.

The accident happened in West Virginia, and it is first insisted that, under the law of that state as pleaded and proved, appellant was entitled either to a peremptory, or to have the verdict set aside. In support of this position appellant relies upon the rule that a person using a railroad track as a footpath for his con-

venience elsewhere than at a public crossing, and injured by a train while so doing, cannot recover damages unless the company is guilty of gross and wanton negligence, Melton v. Chesapeake & Ohio Railway Company, 64 W. Va. 168, 61 S. E. 39, and the further rule that a verdict supported by oral testimony which is wholly inconsistent with natural laws and physical facts admitted to be true, or established by uncontroverted evidence showing such testimony to be false, should be set aside as being contrary to the weight of the evidence. Owen v. Appalachian Power Company, 78 W. Va. 596, 89 S. E. 262; Jess Keller, Infant v. Norfolk & Western Railway Company, 109 W. Va. 522, 156 S. E. 50. The argument is that the testimony of Stewart and his companion is completely at variance with the physical fact that after the accident he was found several feet from the crossing, as shown by the evidence of the trainmen, and all the other witnesses who visited the scene. It must not be overlooked that, according to Stewart and his companion, they were walking down the highway and not down the railroad track. It must not be overlooked that if he was injured on the highway the natural thing to have done would have been to remove him from the highway where he and the crowd surrounding him were in danger of being struck by passing automobiles, and there was evidence that he was moved twice after one of the witnesses arrived. In view of this situation, and of the further fact that the credibility of the witnesses was for the jury, we cannot say that the position of appellant after the accident was so clearly established as to overcome the evidence of Stewart and his companion that he was struck and injured on the highway. On the contrary, we conclude that the evidence was sufficient not only to take the case to the jury, but to sustain the verdict.

Complaint is made of the giving of instruction No. 1 relating to the ringing of the bell and the blowing of the whistle on the engine. The point is made that this was error because the statute of West Virginia bearing on the question was neither pleaded nor proved. It is true that the law of another state must be pleaded and proved, Norfolk & Western Railway Company v. Barney, 262 Ky. 228, 90 S. W. (2d) 14; Stewart's Adm'x v. Bacon, 253 Ky. 748, 70 S. W. (2d) 522; and the question is, Was there substantial compliance with that rule? It is true that the petition did not plead the law

of West Virginia. We find, however, that appellant, after alleging that the accident occurred in the state of West Virginia, pleaded, in substance, that the law of that state was that:

"The statute requiring the bell to be rung or whistle to be blown at a crossing is designed for those passing over the track at such crossing, and not for those using the track elsewhere for their convenience."

We find also that plaintiff's reply, after admitting that the accident occurred in West Virginia, contains the allegation:

"That it may be true that the statute, requiring a bell to be rung or a whistle to be blown at crossings by a train is designed for those passing over the track at such crossing and not for those using the track elsewhere for their convenience, but plaintiff further avers that at the time of his said injuries that he was using a public crossing and that it was the duty of the defendant to ring a bell or to blow a whistle on its said train, to warn him of the approach of said train to said crossing."

In the circumstances, we think the statute was sufficiently pleaded to authorize an instruction on the subject.

Though it be true that under the law of West Virginia it is the duty of a pedestrian passing over the tracks of a railroad company at a public crossing to look and listen for approaching trains, we find no basis for the contention that Stewart was guilty of contributory negligence as a matter of law. It is admitted that the night was dark, and that there was no light on the rear of the engine. According to Stewart and his companion, there was no blowing of the whistle or ringing of the bell. At the same time another train was going by and making a loud noise. When Stewart stepped upon the track, he says that he did look and listen, but did not see or hear the approaching engine. In the circumstances, it was for the jury to say whether he exercised ordinary care for his own safety.

Judgment affirmed.