## Thacker, By et al. v. Norfolk & Western Railway Company.

(Decided January 26, 1915.)

### Appeal from Boyd Circuit Court.

1. Railroads—Crossing Accident—Right of Traveler at Private Crossing to Depend on Signals for a Public Crossing.—Persons

using a private crossing who are in the habit of depending upon signals required to be given for a nearby public crossing are entitled to the benefit and protection of such signals, and if the company fails to give the public crossing signals and the traveler at the private crossing is injured as a result thereof, he may recover damages.

2. Conflict of Laws—Torts—Action in This State to Recover for Injury Received in Another State.—Where an action is brought in a court of this State to recover damages for personal injuries sustained in another State, the rights of the complaining party are to be determined by the laws of the State in which the injury occurred.

3. Conflict of Laws—Torts—Pleadings.—Where a common law action is brought in this State to recover damages for an alleged tort committed in another State, the plaintiff may set out a sufficient cause of action under the common law as administered in this State without setting up the law of the foreign State and averring that under the law of that State he was entitled to recover, as it will be presumed that the common law here in force prevails in the foreign State; and so it is incumbent upon the defendant, if he desires to defeat a recovery upon the ground that an action founded on common law principles could not be maintained in the State where the cause of action arose, to plead and prove the law of such State.

R. S. DINKLE, W. M. PRICHARD and R. C. PRESTON for appellants.

J. R. JOHNSON, JR., and HOLT, DUNCAN & HOLT for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Milo Thacker, while crossing the track of the appellee railway company at a private farm crossing at a point on its track in Wayne county, West Virginia, was struck and injured by a passing train. In this suit brought in Boyd county, Kentucky, to recover damages for the injuries so sustained, the cause of action was rested on the alleged negligence of the company in failing to give the statutory signals for a public crossing a few hundred yards west of the private crossing and upon which statutory signals it was alleged persons using the private crossing depended and had a right to depend for warning of the approach of trains that crossed the public crossing before reaching the private crossing.

At the conclusion of the evidence the trial court directed a verdict for the railway company, upon the ground that, under the law of West Virginia, train signals at public crossings are not intended for the warn-

ing or protection of travelers at private crossings, and so a traveler at a private crossing who is struck by a passing train cannot maintain an action against the company because it has failed to give the statutory signals for a nearby public crossing, as a result of which failure he was struck and injured.

In this State the rule first announced in Cahill v. Cincinnati Ry. Co., 92 Ky., 345, and consistently followed, is that persons using a private crossing, who are in the habit of depending upon signals required to be given for a nearby public crossing, are entitled to the benefit and protection of such signals, and if the company fails to give the required public crossing signals and the traveler using the nearby private crossing is injured as a result of this failure, while exercising care for his own safety, he may recover damages for the injury thus sustained. L. & N. R. R. Co. v. Bodine, 109 Ky., 509; Early's Admr. v. Louisville, H. & St. L. Ry. Co., 115 Ky., 13; L. & N. R. R. Co. v. Engleman's Admr., 135 Ky., 515; C. & O. Ry. Co. v. Young's Admr., 146 Ky., 317.

But as the cause of action stated in the petition arose in the State of West Virginia, the rights of the appellant are to be determined by the laws of that State. In Collins v. Norfolk & Western Ry. Co., 152 Ky., 755, we had under consideration a case presenting a question substantially the same as the one here raised, and in that case, after stating the West Virginia rule as announced in the cases of Spicer v. C. & O. Ry. Co., 34 W. Va., 514, and Christy's Admr. v. C. & O. Ry. Co., 35 W. Va., 117, we held that the failure of the railway company to give public crossing signals did not entitle a person injured at another point on the road to recover damages on account of such failure. Therefore, we feel obliged to hold that the ruling of the trial court was correct unless it be, as insisted by counsel for Thacker, that the West Virginia law was not sufficiently presented in the pleadings and evidence to warrant the trial court in assuming that the law of that State was as declared in the Spicer and other cases.

Where a common law action resting on common law principles is brought in this State to recover damages for an alleged tort committed in another State, the plaintiff may set out a sufficient cause of action under the common law as administered in this State and rely for recovery upon the law so administered and applicable

to his case.  It is not essential that he should set up the law of the foreign State where the cause of action arose and aver that under the law of that State he was entitled to recover, as it will be presumed that the common law here in force prevails in the foreign State and that a cause of action that could be maintained under the common law of this State can likewise be maintained in this State under the common law rule of the State in which the cause of action arose.  So that it is incumbent upon the defendant, if he desires to defeat a recovery upon the ground that an action founded on common law principles could not be maintained in the State where the cause of action arose upon the facts stated in the petition, to plead the law of the State in which the cause of action arose in such a manner as that it will appear from the pleadings that a recovery cannot be had.  Chesapeake & N. R. Co. v. Venable, 111 Ky., 41; L. & N. R. R. Co., v. Smith, 135 Ky., 462; Yellow Poplar Lumber Co. v. Ford, 141 Ky., 5.

In an amended petition filed by the appellant Thacker it was averred that the private crossing at which he was injured was ―― feet west of the public county road crossing and that "said private crossing was and is near the public county road crossing; that signals from engines and trains approaching the public crossing were and are easily heard at said private crossing by persons attempting to cross same, and were relied on by persons using the private crossing as notice and warning of the approach of trains to said private crossing; that on the occasion of plaintiff's injury he was attempting to cross said railroad at said private crossing, going from said Staley's farm, where he was then living, to the public county road, when the defendant, its agents and servants in charge of one of its engines and trains, negligently and carelessly ran same over said crossing without keeping a lookout for persons attempting to cross said public road and private crossing, and without giving any warning by ringing the engine bell or blowing the whistle or other notice of its approach to said crossing.  *  *  *"

In answer to this pleading the company averred that "for further answer herein the defendant says that the accident and injury set up in plaintiff's said petition occurred in Wayne county, State of West Virginia. That under the law of the State of West Virginia the defendant is not required to give warning of the approach of

its trains to private crossings by bell or by whistle, or to slacken the speed of its trains. That under the law of West Virginia the signals and warnings required to be given by trains approaching a public crossing are held to be for the exclusive benefit of persons using, or about to use, such public crossing and not for the benefit of persons using or crossing the track of the railroad company at any point other than a public crossing. The defendant says that the point of accident involved herein was at a private farm crossing and the defendant owed the plaintiff no further or other duty than not to wilfully injure him after discovering his peril, and the defendant pleads and relies upon the law of the State of West Virginia as a bar to any recovery herein.''

On the trial of the case the appellee, as a part of its evidence, introduced several opinions of the Supreme Court of Appeals of that State supporting the averments of its answer, and also certain statutes of West Virginia, and it was agreed by counsel that these opinions and statutes need not be set out in the record, but should be considered a part of it, and this practice was sufficient to make a part of the record and bring before this court the law of West Virginia. P. C. C. & St. L. Ry. Co. v. Austin, 141 Ky., 722; L. & N. R. R. Co. v. Smith, 135 Ky., 462; L. & N. R. R. v. Keiffer, 132 Ky., 419; Keiffer v. L. & N. R. R. Co. 143 Ky., 383; Collins v. Norfolk & Western Ry. Co., 152 Ky., 755.

We think the West Virginia law was sufficiently pleaded and proven, and, as this case is controlled by that law, the judgment is affirmed.