## Blair v. Norfolk & Western Railway Company.

(Decided February 18, 1915.)

### Appeal from Boyd Circuit Court.

1. Conflict of Laws—Torts—Action in this State to Recover for Injury Received in Another State.—Where an action is brought in this State to recover for injuries received in another State, the rights and liabilities of the parties depend on the law of that State.

2. Conflict of Laws—Law of Another State Must Be Pleaded and Proved.—The law of another State is a fact to be pleaded and proved, and in the absence of pleading and proof it will be presumed that the common law is in force, and that it is the same as the common law prevailing in this jurisdiction.

3. Conflict of Laws—Pleading.—Where the trial court refused to allow a pleading to be filed pleading the law of another State, it was error to allow evidence to be introduced on that question.

R. S. DINKLE and WATT M. PRITCHARD for appellant.

J. R. JOHNSON, JR., and HOLT, DUNCAN & HOLT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injuries by plaintiff, William Blair, against the defendant, Norfolk & Western Railway Company, there was a directed verdict in favor of defendant. Judgment was entered accordingly, and plaintiff appeals.

The facts are these: Plaintiff entered defendant's employ in the month of July, 1909. From that time until the date of the accident, which occurred on March 12, 1910, he was engaged in cutting rivets from steel cars that

had been wrecked on defendant's line. In doing this work one employe would hold the cutter while another employe would strike the cutter with a hammer. Up until about eighteen days before the accident it was customary for a third party to be present and hold a broom over the top of the rivet head so as to prevent those present from being injured by fragments therefrom. According to the evidence for plaintiff defendant's master mechanic, on February 22, 1910, ordered plaintiff and those working with him to discontinue the use of the broom as a protection against flying rivets, and assured them that there was no danger from the rivets. The same witnesses also say that their foreman further informed them that thereafter the broom would not be used. Pursuant to these orders, they discontinued the use of the broom. The master mechanic and foreman deny that any such orders were given. The former claims that upon one occasion he saw plaintiff and other employes pushing the broom in each other's face, and told them if they could not do any better than that they had better go home. After the alleged order to discontinue the use of the broom was given plaintiff continued to work without a broom until the date of the accident. On that occasion he was holding the cutter. A piece from the rivet on which he was working flew off and struck him in the eye. He knew that rivets were liable to fly in any direction.

In his original petition plaintiff based his right of recovery on the failure of the defendant to furnish him reasonably safe tools and appliances, and a reasonably safe place to work, and its additional failure to furnish another employe to hold the shield over the rivet head. In his amended petition plaintiff pleaded that the defendant ordered him and the other employes to discontinue the use of the broom, and assured them that this method of work was safe and free from danger, and that, relying on this assurance, he continued to work without the broom. The defendant introduced several defenses, and on the day the case was set for trial, offered an amended answer pleading, in substance, that the injury occurred in the State of West Virginia, and that under the law of that State plaintiff assumed the risk. The trial court declined to permit the amended answer to be filed. The court, however, did permit the defendant to offer in evidence a decision of the Supreme Court of Ap-

peals of West Virginia, bearing on the question of assumed risk, and at the conclusion of the evidence peremptorily instructed the jury to find for the defendant.

As the injury occurred in West Virginia, the rights and liabilities of the parties depend on the law of that State. P. C. C. & St. L. Ry. Co. v. Austin, 141 Ky., 722; Collins v. Norfolk & Western Ry. Co., 152 Ky., 755. The law of another State is a fact to be pleaded and proved. In the absence of pleading and proof it will be presumed that the common law is in force in the other State, and that it is the same as the common law prevailing in this jurisdiction. Where neither party, therefore, pleads and proves the law of the State where the injury occurred, the practical effect is to invoke the common law of this State. Thacker, by &c., v. Norfolk & Western Ry. Co., 162 Ky., 337; Chesapeake & N. R. Co. v. Venable, 111 Ky., 41; L. & N. R. R. Co. v. Smith, 135 Ky., 462; Yellow Poplar Lumber Co. v. Ford, 141 Ky., 25. In this case plaintiff did not rely on the law of West Virginia. Defendant, however, offered an amended answer pleading the law of assumed risk as applied in that State. For some reason the trial court declined to permit this amended answer to be filed. Notwithstanding this fact, he permitted defendant to prove, over the objection of plaintiff, what the West Virginia law on assumed risk was. After rejecting the amended answer, it was error to hear evidence on the question; for, in the absence of a pleading, plaintiff was not apprised of the fact that the West Virginia law would be relied on, and was, therefore, given no opportunity to introduce evidence on the question. As the evidence was heard by the court, we will not assume that he disregarded the evidence and decided the case under the common law of this State, but rather that he was guided in his conclusions by the evidence which he heard. As this evidence was clearly incompetent, and as the case must be reversed for a new trial under the West Virginia law, we deem it unnecessary to determine whether or not a peremptory under our law would have been proper. On the return of the case the trial court will permit the defendant to plead the law of assumed risk as applied in the State of West Virginia, and will give each of the parties an opportunity to offer evidence on that question.

Judgment reversed and cause remanded for new trial consistent with this opinion.