## Lape v. Miller.

(Decided June 13, 1924.)

### Appeal from Campbell Circuit Court.

1. Divorce—Judgment Awarding Alimony Enforceable in Courts of Another State Under Full Faith Rule.—A judgment of court of one state decreeing future payment of alimony, installments having become due, is embraced within scope of full faith and credit clause in Const. U. S., article 4, section 1.

2. Divorce—Alimony Awarded in Courts of One State May be Recovered in Courts of Another State Under Common Law Rule of Comity.—Where judgment awards future alimony installments, courts of another state may entertain action to recover accrued and past due alimony under common law rule of comity.

3. Pleading—Facts Pleaded Accepted as True on Demurrer.—Facts pleaded must be accepted as true on demurrer.

4. Evidence—Courts do Not Take Judicial Knowledge of Laws of Other States.—Courts of one state do not take judicial knowledge of laws of another one, whether they be statutory or of judicial determination.

5. Statutes—Foreign Laws Must be Proved as Any Other Fact.—Statutory law of another state must be proved, if denied, same as any other fact in issue.

FRANK V. BENTON and C. W. YUNGBLUT for appellant

BOLSINGER, KUHN & BOLSINGER, LEWIS F. BROWN and WM. F. CLARK for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellee and plaintiff below, Virginia Miller, was formerly the wife of the appellant and defendant below, Elmer Lape. The court of insolvency of Hamilton county, Ohio, is one of general jurisdiction over the subjects of divorce, alimony and maintenance, and at its September, 1913, term there was rendered therein a judgment in the cause therein pending of Virginia Lape v. Elmer Lape, which was an action for divorce and alimony brought in that court by plaintiff therein and herein. She sought in that proceeding to obtain a divorce from the defendant and a judgment against him for alimony, and that she be restored to her maiden name of "Virginia Miller." All the relief prayed for therein was granted in the judgment rendered by the court and the part of it adjudging alimony, which is the only one involved in this case, says: "And the plaintiff is hereby allowed as reasonable permanent alimony the sum of six ($6.00) dollars per week, beginning September 13th, 1913, and payable on each Saturday thereafter. It is further ordered that the plaintiff be and she is hereby restored to her maiden name of Virginia Miller."

This action was filed in the Campbell circuit court on May 29, 1919, by plaintiff in her restored name of Virginia Miller against defendant seeking to recover of him the balance due her up to that time on the judgment rendered by the Ohio court, which she averred in her petition was $936.00. The defendant answered and in the first paragraph thereof he denied that there was any amount due from him to plaintiff under the Ohio judgment except $709.00, and also denied that the alimony judgment in the foreign action was a final or enforceable one for any sum whatever, but there was no question

raised as to the jurisdiction of the Ohio court to render the judgment. The second paragraph was in these words: "Defendant for further answer says that under the laws of the state of Ohio, the judgment mentioned in the petition and filed therewith as part thereof, marked exhibit 'A,' in so far as it awards alimony payable in installments, is not a final order or judgment of said insolvency court of Hamilton county, state of Ohio, either as to accrued or future installments of alimony therein directed to be paid, and did not and does not now create a debt of record for any fixed sum, and did not and does not now create in plaintiff a vested right or fixed interest therein, as the same is subject to be changed, modified or set aside at any time by the court rendering the same, and, therefore, lacks that finality required of a foreign judgment in order that this court may enforce the same under section 1, article 4, of the Constitution of the United States." A demurrer filed by plaintiff to that paragraph of the answer and to that part of the first paragraph denying the finality of the foreign judgment, was sustained by the court, and defendant declined to plead further, when the court rendered judgment against him for the amount he admitted to be due in the first paragraph of his answer and to reverse that judgment he prosecutes this appeal.

The question presented is, as is stated in the case of Sistare v. Sistare, 218 U. S. 1, 28 L. R. A. (N. S.) 1068, "Where a court of one state has decreed the future payment of alimony, and when an installment or installments of the alimony so decreed have become due and payable and are unpaid, is such a judgment as to accrued and past due alimony ordinarily embraced within the scope of the full faith and credit clause of the Constitution of the United States so as to impose the constitutional duty upon the court of another state to give effect to such judgment?" Further along in that opinion, the court, after discussing two prior cases before the Supreme Court dealing with the question (Barber v. Barber, 21 How. 582, and Lynde v. Lynde, 181 U. S. 187), answers the question in language, perhaps better than we could command, by saying: "Generally speaking, where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested upon becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made

prior to the maturity of the installments, since, as declared in the Barber case, 'alimony decreed to a wife in a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.' '' And later in the opinion it is pointed out that the modes of procedure to enforce an alimony judgment, within the jurisdiction of the forum rendering it, are not required to be observed by the courts of a sister state when called upon to enforce the judgment therein under "the full faith and credit clause" of the federal Constitution; but that the binding force of the judgment will be obligatory upon the courts of a sister state, provided the court rendering it had jurisdiction of the subject matter and of the parties, and it may proceed to enforce the judgment by the modes of procedure prevailing in that jurisdiction, upon the condition, however, that the judgment was a final and enforceable one under the laws of the jurisdiction wherein it was rendered. To the same effect is the text in 1 R. C. L. 957, with numerous supporting cases cited in the notes.

From which we see that the general rule above does not obtain, even as to installments of alimony accrued and unpaid, if the court rendering the judgment continues to retain jurisdiction to modify, alter or change it at any time, dependent upon facts and circumstances, to such an extent that the sums adjudged to be paid are not final and do not become impressed with the characteristics of a fixed debt of record. In such cases the courts of a state other than the one in which the judgment was rendered may not enforce it either under the common law rule of comity as between different jurisdictions, or under the "full faith and credit clause" of the federal Constitution, and which is also pointed out in the Sistare case, wherein the opinion says that "This general rule (the one above inserted), however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court which rendered the decree, to such an extent that no absolute or vested right attaches to receive the installments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the installments becoming due." And that exception to the general rule is also pointed out by the text of R. C. L., *supra.*

The facts pleaded in the second paragraph of the answer which must be accepted as true on demurrer, very clearly, to our minds, bring the case within the qualification of the general rule laid down by the Supreme Court in the opinion referred to, and for that reason we are unable to agree with the learned judge of the trial court as to the insufficiency of that pleading. Courts of one state do not take judicial knowledge of the laws of another one, whether they be statutory or of judicial determination; and the existence of such laws, as well as their import, force and effect, must be proven, if denied, the same as any other fact in issue. That rule is fundamental and we will append only two of the more recent cases from this court in support of it. Blair v. Norfolk and Western Ry. Co., 162 Ky. 833, and U. S. Cast Iron Pipe and Foundry Co. v. Vogt Machine Co., 182 Ky. 473.

Counsel for plaintiff in his efforts to uphold the judgment refers us to both statutes and opinions, which he claims constitute the laws of the state of Ohio with reference to the enforceability as well as the finality of the judgment here involved, so as to bring it within the general rule, *supra;* and from that he argues that the court was authorized to render the judgment appealed from. But, under the condition of the pleadings the inquiry as to what is the law upon the subject in the state of Ohio is clearly immaterial, since no issue was made in the pleading with reference thereto. On the contrary it was admitted by the demurrer that no such law, as counsel quotes and relies on in his brief, prevailed in that state; and further, that under the laws of that state the judgment sued on was not final so as to create a fixed and finally adjudged debt. It was so alleged in the answer in express terms, and as we think in language sufficient to create the defense if the allegations were true. We, therefore, conclude that the demurrer should have been overruled with the right in plaintiff to reply thereto if she desires, and if she should deny the allegations of the answer then the laws relied on in brief of counsel for her on this appeal will become pertinent testimony on the trial.

Wherefore, the judgment is reversed, with directions to set it aside and overrule the demurrer filed to the parts of the answer referred to, and for proceedings consistent with this opinion.