## Louisville & Nashville Railroad Company v. Southern Railway Company.

(Decided February 24, 1931.)

ASHBY M. WARREN and TRABUE, DOOLAN, HELM & HELM for appellant.

HUMPHREY, CRAWFORD & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

The Southern Railway Company maintains an agency on its line at Huntsville, Ala. The agent sells tickets over the lines of the Southern Railway Company and the Louisville & Nashville Railway Company. In the month of April, 1927, Leola Crick and Clara Copeland purchased tickets at Huntsville, Ala., for a trip to Montevallo, Ala., and return. The Southern Railway operates trains in Alabama between Huntsville and Decatur, and between Calera and Montevallo. The Louisville & Nashville Railway Company operates trains between Decatur and Calera, and, though it is possible to go from one of these points to the other over the Southern Railway, the route is much longer. The tickets which the young ladies purchased were sold for a round-trip between Huntsville and Montevallo. The last coupon called for transportation from Huntsville to Decatur over the Southern Railway. The next to the last coupon called for transportation from Decatur to Calera over the Louisville & Nashville Railway. The next coupon from the bottom called for transportation over the Southern from Calera to Montevallo. The next three coupons in reverse order covered the return trip over the Southern Railway, but did not indicate that they were for use over the Louisville & Nashville Railway. The young ladies used these tickets in going from Huntsville to Montevallo. Coming back, they used the first return coupon over the Southern Railway to Calera. Leaving the Southern Railway at that point, they boarded a north-bound Louisville & Nashville train for Decatur. As the return tickets were over the Southern Railway, the Louisville & Nashville conductor refused to honor them, and put the young ladies off the train.

Thereafter they each brought suits against the Louisville & Nashville Railway Company in the circuit court for Limestone county, Ala., to recover damages for their wrongful ejection by the conductor. By amendment they also charged that the man who sold them the tickets was the agent of the Louisville & Nashville Railway Company, and negligently failed to fill out the coupons. On the filing of the suits the Louisville & Nashville Railway Company called on the Southern Railway Company to defend, and the Southern Railway Company refused to do so. The cases proceeded to trial, and resulted in a verdict in favor of each of the girls against

the Louisville & Nashville Railroad Company in the sum of $1,500. The circuit court required each of the plaintiffs to remit the excess over $1,000, and entered judgment in favor of each for $1,000. On appeal to the Supreme Court of Alabama, the judgments were affirmed for $600 each. Louisville & Nashville Railway Co. v. Crick, 217 Ala. 547, 117 So. 167; Louisville & Nashville Railway Co. v. Copeland, 217 Ala. 556, 117 So. 176.

After the affirmance of the judgments, the Louisville & Nashville Railway Company brought this action in the Jefferson circuit court to recover the amount of judgments and interest, together with court costs and attorneys' fees, incurred in defending the Alabama actions. The petition specifically refers to the judgments in the lower court, the affirmance thereof by the Alabama Supreme Court, and cites the two cases in the Southern Reporter. The ground on which a recovery was sought is that the loss and damage resulting to plaintiff was due solely and entirely to the negligence of the defendant and its agent at Huntsville, Ala., in selling to the plaintiffs in the Alabama actions tickets which were invalid over the lines of the Louisville & Nashville Railroad, thereby making it necessary for the conductor to put the ladies off the train. After its demurrer to the petition was overruled, the Southern Railway Company filed an answer, denying in the first paragraph certain allegations of the petition, and pleading in the second paragraph "that the final judgments which are the foundation of the plaintiff's claim against the defendant herein were rendered pursuant to opinions by the Supreme Court of Alabama, in which opinions the facts and law involved were decided as therein set out. Said opinions are now reported in 117 So. at pages 167 and 176, and are as follows." Then followed printed copies of the two opinions taken from the Southern Reporter. To this paragraph of the answer a demurrer was sustained on the ground that the judgment in the Alabama actions settled the issue of negligence between the plaintiffs in that action and the Louisville & Nashville Railroad, but did not determine the issue of negligence between the two railroads. Thereafter the motion to set aside the order sustaining the demurrer to the second paragraph of the answer was overruled.

At the trial before the jury, plaintiffs in the Alabama actions, in addition to other facts, deposed as follows:

On boarding the Louisville & Nashville train and presenting their tickets, the conductor said that they were not marked clearly. They then told him that they bought the tickets in Huntsville to Montevallo, had ridden on them to Montevallo, and from Montevallo back to Calera. The conductor told them that they would have to get off and go back to Calera and have the tickets straightened out. He then told them to get off and follow the track back to the station. The conductor did not demand, or offer to allow them to pay, the cash fare to Decatur. H. A. Sanderson, disbursement clerk of the Louisville & Nashville Railroad Company, testified as to the amount and payment of the vouchers issued in favor of the plaintiffs in the Alabama actions. The Louisville & Nashville Railroad conductor, who refused to honor the tickets, testified that the tickets did not read over the Louisville & Nashville Railroad, and he stated to the ladies that they must be on the wrong train. They said, "Well, I believe we are, too." He then reached up and stopped the train and assisted them off. The rules of the company did not permit him to honor tickets over another road. The ladies did not offer to pay their fare, and made no protest about getting off. He did not ask them for a cash fare. At the conclusion of the evidence, each of the parties moved the court for a peremptory instruction. The court overruled plaintiff's motion, and directed the jury to return a verdict for the defendant. Plaintiff appeals.

Our conclusions on the questions involved are these: As the transactions out of which the litigation arises took place in Alabama, the law of that state is controlling. Pittsburg, C., C. & St. L. Ry. Co. v. Austin's Adm'r, 141 Ky. 722, 133 S. W. 780. Ordinarily, the law of another state is a fact to be pleaded and proved, Blair v. Norfolk & W. Ry. Co., 162 Ky. 833, 173 S. W. 162, but here a peculiar situation is presented. The only basis for the action is the Alabama judgments which the Louisville & Nashville Railroad Company was compelled to pay. It pleaded that these judgments were recovered in the circuit court for Limestone county, Ala., and were affirmed by the Supreme Court of that state, and referred to the page and number of the Southern Reporter containing the opinions. It further pleaded that the Southern Railway Company was called on to defend in those actions, but refused to do so, and this allegation stands undenied.

In the circumstances we may examine those opinions, not only for the purpose of determining the amount which the Louisville & Nashville Railroad was compelled to pay, but the grounds on which liability was predicated. The opinions declare that the Southern agent at Huntsville was the agent of the Louisville & Nashville Railroad Company; that the return coupons were not void because of not designating route but were merely subject to explanation; that the Louisville & Nashville Railroad Company was liable for ejection where it had accepted coupons of tickets for initial trip, and passenger informed conductor of such fact and of routing over defendant railroad, and no cash fare was demanded before eviction. Certainly nothing is more persuasive of the law of another state than the law announced in the very actions on which liability is predicated. However, as there was no issue between the Louisville Railroad Company and the Southern Railway Company in the Alabama actions, the judgments therein rendered are not conclusive of their liability as between themselves. Pullman Co. v. Cincinnati, N. O. & T. P. R. Co., 147 Ky. 498, 144 S. W. 385.

Whether the Southern Railway Company is liable to the Louisville & Nashville Railroad Company depends on the law of contribution between joint tort-feasors, and on that question the law of Alabama is likewise controlling. The law of Alabama not being properly before us, we will presume that the common law prevails in that state, and that it is the same as the common law of this state. Blair v. Norfolk & W. Ry. Co., supra. Under the common law of this state, there can be no recovery over as between wrongdoers where they are in pari delicto. Middlesboro Home Telephone Company v. L. & N. R. Co., and Tri-State Telephone Company v. L. & N. R. Co., 214 Ky. 822, 284 S. W. 104. Ordinarily, where one of two parties does an act, or creates a nuisance and the other, while not joining in the act, is nevertheless thereby exposed to liability to the one injured, the party who was the primary and active wrongdoer can be compelled to make good to the other any loss occasioned by the act. Horrabin v. Des Moines, 198 Iowa, 549, 199 N. W. 988, 38 A. L. R. 554; Chicago & N. W. R. Co. v. Dunn, 59 Iowa, 619, 13 N. W. 722; Union Stockyards Co. v. Chicago, B. & Q. R. Co., 196 U. S. 217, 25 S. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525, 17 Am. Neg. Rep. 760. This rule was applied in Pullman Co. v. C., N. O. & T. P. R.

Co., supra, where the Pullman Company was held liable over to the railroad for injuries to the latter's brakeman caused by a defective brake staff on a car which the Pullman Company had constructed and delivered to the railroad. It was also applied in Middlesboro Home Telephone Company v. L. & N. R. Co. and Tri-State Telephone Company v. L. & N. R. Co., supra, where it was held that the railroad could recover over against the Telephone Company the damages which it had been compelled to pay to a brakeman because of injuries due to a cable which the Telephone Company had negligently permitted to sag and knock the brakeman from the train.

Appellant insists that the case under consideration falls within the above rule. The argument is that the misrouting by appellee's agent at Huntsville was the primary negligence that exposed appellant to liability. In dealing with the question of agency, the Alabama Supreme Court went no further than to hold that appellee's agent at Huntsville was also appellant's agent so far as the public was concerned. Though the precise terms of the contract or arrangement respecting the agency at Huntsville are not disclosed by the record, we shall consider the case on the assumption that the agent at that point was appellee's agent, for whose negligence it was liable to appellant. We concur in the conclusion of the trial court that the Alabama decisions clearly hold that appellant's conductor was guilty of negligence in evicting the young ladies without demanding a cash fare. While the misrouting may have brought about the situation calling for action on the part of the conductor, there could have been no substantial recovery had it not been for the unauthorized eviction. In making the eviction, appellant's conductor was not guilty of mere passive negligence, but was the active perpetrator of the wrong that gave rise to the recovery of substantial damages. In view of this situation, there is room for the contention that appellant's negligence was the primary cause of its liability, but, however that may be, the least that can be said is that appellant and appellee were equally guilty, and therefore appellant is not entitled to recover of appellee.

It follows that the directed verdict was proper.

Judgment affirmed.