(Decided May 4, 1937.)

I. G. MASON for appellants.

R. L. PECK and TAYLOR & MILAM for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Rufus C. Hunt, a citizen and resident of Washington Court House, Ohio, died testate in 1919. He was survived by a widow, Mrs. Lida Hunt, who died in March, 1928, having never remarried. No children had been born to testator.

In the first paragraph of his will he nominated his wife and another as executors and gave them full power and authority in matters of collecting debts due him and of paying indebtedness against his estate. In a second paragraph he directed that all his just debts be paid if practicable out of his personal estate other than household goods and furnishings which he gave and bequeathed to his wife. In a third paragraph he directed that the residue of his estate be taken charge of by the executors whom he also appointed trustees and provided in detail how he desired his estate to be managed and his real estate consisting largely of farm lands to be kept up and in a state of cultivation as he had kept it, and further provided that after paying taxes and insurance, costs of repairs, betterments, etc., the trustees should pay the net rents to his wife during her life or while she should remain his widow, and that in the event of her remarriage they should pay her one-half the amount of the net annual rents and income during her life and the other one-half thereof to his brothers and sisters or their legal representatives. He further provided in that paragraph that his wife should have the right to the use and occupancy during her life of any residence he might own at the time of his death. The fourth paragraph of the will reads:.

"At the death of my said wife, I give and devise all of my said property to the children of my deceased sister, Martha G. Townsend, and deceased brother, Ed. H. Hunt, their heirs and assigns forever, to take by right of representation, and in the event of the death of the son of Ed. H. Hunt without leaving either children or grandchildren living, then all of said property herein devised to go to the children of said deceased sister and their heirs and assigns forever."

The testator was survived by the three children of his deceased sister, Martha G. Townsend, namely, Mrs. Bess T. Orendorf, G. Hunt Townsend, and Thomas J. Townsend, and by George Edward Hunt, the son of his deceased brother, Ed. H. Hunt, referred to in the quoted paragraph of the will, and all of them survived the widow of testator. George Edward Hunt died on May 1, 1935, testate, while a citizen and resident of Tennessee and by his will devised all of his property to his mother, Mrs. Edna Hunt, who was designated as executrix. After the will had been duly probated, Mrs. Edna Hunt qualified as executrix and took over all the estate of her deceased son which as alleged amounted to more than $21,000. Thomas J. Townsend, one of the children of Martha Townsend, referred to in the will of Rufus C. Hunt, died prior to the death of George Edward Hunt without issue or descendants. The executors under the will of Rufus C. Hunt in making distribution of the personal estate of the testator paid to him the sum of $3,750.

In June, 1935, Mrs. Bess Orendorf and her husband, and G. Hunt Townsend instituted this action in the Logan circuit court, and after setting up the foregoing facts in their petition alleged that under the terms of the will of Rufus C. Hunt the children of Martha G. Townsend acquired all the property devised to George Edward Hunt when he died without leaving children or grandchildren; that George Edward Hunt had only a life estate in the sum of $3,750 paid to him by executors out of the personal estate of Rufus C. Hunt and that he held such sum at the time of his death; that upon the qualification of Edna Hunt as executrix she withdrew such sum and appropriated same to her own use and benefit and was holding same, concealing it, and had misappropriated it for the fraudulent purpose of pre-

venting plaintiffs from collecting or having the benefit of it; that she had no property out of which the sum could be made except a tract of land in Logan county, Ky.; that the trustees of Rufus C. Hunt who had paid the money to George Edward Hunt were dead or bankrupt and sureties on their official bonds were dead, insolvent, or bankrupt, and plaintiffs would be unable to collect the money except by subjecting the land of defendant which was fully described in the petition. They prayed for a general order of attachment against the property of defendant and that the land described in the petition belonging to her be subjected to the payment of the claim of $3,750.

Defendant filed a special plea to the jurisdiction of the court to which a demurrer was sustained. By answer and cross-petition, as amended, she admitted the facts hereinbefore set out but denied the other material allegations of the petition. The answer set out the quoted paragraph of the will and alleged that under the terms thereof the children of Martha G. Townsend and Ed. H. Hunt took a fee-simple title in the property of Rufus C. Hunt subject to the life estate of his widow and that Lida C. Hunt having predeceased George Edward Hunt, his fee-simple title to his share in the estate became absolute; that Rufus C. Hunt was a resident of and domiciled in the State of Ohio at the time of his death and his will was duly probated in Washington Court House, in Fayette county, Ohio; and that its construction and the determination of the estate that passed under it was governed by the laws of the state of Ohio then in effect. She further pleaded that in 1928, plaintiffs sought to have the interest of George Edward Hunt in the estate of testator placed in trust, but after investigation of the law entered into an agreement with him whereby it was agreed that under the terms of the will he became the absolute owner of all the property devised to him under the will and free from any claim of plaintiffs or their deceased brother, Thomas J. Townsend; that pursuant to such agreement the personal property was divided between the plaintiffs and George Edward Hunt and the latter received from the personal estate prior to June, 1929, the sum of $3,750 with the knowledge and consent of plaintiffs; that all of the $3,750 received by him was spent during his lifetime and no part of same was in his estate at his death; that the

money was received by George Edward Hunt more than five years prior to the institution of the action and converted by him to his own use and benefit. All of which was pleaded and relied on as a bar to plaintiffs' right to recovery. She also pleaded an action filed by George Edward Hunt in 1929 against plaintiffs and their deceased brother for the partitioning and division of the real estate of testator to which plaintiffs entered their waiver and consented that the land be partitioned accordingly; that under the decree entered in the action, George Edward Hunt was apportioned certain real estate which is fully described in the answer and conveyance thereby having been authorized in the partition proceedings in which plaintiffs were parties, the proceedings and judgment construed and fixed the interest of George Edward Hunt in the property of testator devised to him under the will which was a final adjudication of the rights of the parties and on account of which they are estopped from questioning his fee-simple title in and to the property devised under the will. She further alleged that all the money that passed to her under the will of George Edward Hunt was money which came to him from the sale of real estate which he received under the partition proceedings and that she received no money from the personal estate.

A reply controverted the affirmative allegations of the answer and cross-petition as amended. On final hearing it was adjudged that under the terms of the will and the laws of the State of Ohio, George Edward Hunt, having survived the widow of Rufus C. Hunt, thereupon took and had at the time of his death a fee-simple interest in and to one-half of the estate left by the testator; that plaintiffs' petition be dismissed and that they take nothing thereby; that the attachment and grounds therefor be discharged. Plaintiffs are appealing.

While apparently there is merit in some of the other pleas and defenses made by appellee and argued in brief by her counsel, the chancellor based his finding on proof of the construction to be given the will under the laws of Ohio, and as we view the case, it will be unnecessary to discuss and consider any other phase of it.

We find counsel for respective parties in agreement that the rights of the parties under the will of Rufus C. Hunt are to be determined by the laws of Ohio prevail-

ing at the time of his death. To sustain the allegations of her answer respecting the laws of the State of Ohio relating to wills, appellee took the deposition of an attorney residing at Washington Court House, Ohio, who had been engaged in the practice of law in that state for about 40 years and who according to the evidence had had considerable practice and experience in matters relating to wills and their construction. His testimony is to the effect that under the laws of Ohio which prevailed at the death of testator and still prevail, George Edward Hunt took an indefeasible fee in one-half of the estate of testator at the death of testator's widow; that the words of survivorship in the quoted paragraph of the will should be referred to the time fixed for division or distribution of the estate which was at the termination of the life estate by the death of testator's widow.

In one of the several cases from the courts of Ohio cited by appellee as sustaining his statement of the rules of law relating to wills and their construction and prevailing at the time of the death of testator, it is said:

"Where a testator bequeathes his property to his wife during her life, with the provision that after her death it shall be divided among his children and in the event of the death of any of the children without issue or heirs their shares shall revert to the surviving heirs of the testator to be divided equally among them, the intervention of the life estate fixes survivorship as of the time of the distribution and after the termination of the life estate."

Wood v. Wood, 22 Ohio N. P. (N. S.) 302.

Without going into further detail, it may be said that the evidence of the attorney introduced by appellee and the decisions of the courts of Ohio cited by him fully sustain the allegations of appellee's pleading relating to laws of that state and their effect and import and there is no evidence to the contrary; however, it is the contention of counsel for appellant that the witness testified that the rules of law respecting wills and their construction prevailing in Ohio were the same as those prevailing in Kentucky, and cases from Kentucky as well as cases from Ohio are cited as supporting appellant's contention that the words of survivorship in the will should be referred to the death of George Edward

Hunt rather than to the death of testator's widow. While the witness admitted that some of the cases referred to and put in evidence by him cited and relied on some Kentucky cases, the witness, when asked if the laws of Ohio and Kentucky relating to wills were not similar, stated that he did not know and was not familiar with the laws of Kentucky.

It has been consistently held by this court that we may not take judicial knowledge of the laws of another state, but such laws are facts to be pleaded and proven; and they must be proved as other facts. Lape v. Miller, 203 Ky. 742, 263 S. W. 22; Blair v. N. & W. Ry. Co., 162 Ky. 833, 173 S. W. 162; Stewart's Adm'x v. Bacon et al., 253 Ky. 748, 70 S. W. (2d) 522; Pittsburgh, C., C. & St. L. Ry. Co. v. Austin's Adm'r, 141 Ky. 722, 133 S. W. 780, 783. In the latter case it is said:

"We are referred by counsel to certain text-books and decisions which are relied on as conflicting with the rule shown to be in force in Indiana, and we are also cited to certain opinions of the Supreme Court of Indiana, which it is insisted are also inconsistent with this rule. But we cannot go into these matters. We do not take judicial knowledge of the law of another state. What is the law of another state is a fact to be shown by evidence, and we must decide the case upon the evidence in the record on the subject."

It is our conclusion that the chancellor's finding is fully sustained by the evidence, and therefore the judgment should be and is affirmed.