### BACHE v. DIXIE–OHIO EXPRESS CO. (SOUTHEASTERN GREYHOUND LINES, Third-Party Defendant).

No. 3302.

District Court, N. D. Georgia, Atlanta Division.

May 11, 1948.

Hewlett & Dennis and T. F. Bowden, all of Atlanta, Ga., for plaintiff.

Andrews & Nall, of Atlanta, Ga., for defendant and third-party plaintiff.

Gambrell, Harlan & White, of Atlanta, Ga., for third-party defendant.

RUSSELL, District Judge.

Plaintiff, Bache, sued the defendant, Dixie-Ohio Express Company, for damages alleged to have been incurred in an automobile accident in Kentucky resulting from the negligence of the defendant. The defendant, as third-party plaintiff, has impleaded the Southeastern Greyhound Lines as a third-party defendant, and such proposed third-party defendant moves to dismiss the third-party complaint for failure to state a claim upon which relief can be granted. The substantive law of the State of Kentucky governs the question of the liability of the third-party defendant to respond to the third party plaintiff.

In a memorandum in the case of Vaughn v. Guenther et al., D.C., 8 F. R.D. 157, it has been determined that in the application of Rule 14(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Court must give full consideration to the substantive law of the State applicable to the enforcement of the rights asserted, so that the procedural Rule 14(a) may not be used to bring in a third party who is not under the provisions

of the applicable State law liable to the original defendant, "for all or part of the plaintiff's claim against him," and that unless required by such applicable State Law, the plaintiff may not be required to accept such third-party defendant whom he does not wish to sue. The third-party plaintiff seeks to recover of the third-party defendant for damages incurred in the damaging of its tractor and trailer in the amount of $3750.00, and further asserts the sole liability of the third-party defendant for the original plaintiff's damages. The prayer is as follows: "Wherefore, defendant demands judgment against third-party defendant for the sum sued for and that whatever judgment, if any, is recovered by the plaintiff be not awarded against defendant but against third-party defendant, and should such judgment for the plaintiff, if one is recovered, be awarded against defendant that defendant have judgment over against third-party defendant for whatever sum may be recovered against it by the plaintiff."

So far as concerns the claim for indemnification, it appears that under the circumstances alleged in the pleadings the original defendant and third-party defendant are joint tort-feasors, and the original defendant is not entitled under the laws of Kentucky to indemnification from the third-party defendant. This is the construction of the Kentucky law stated in Louisville Railroad Company v. Louisville Taxicab and Transfer Company, 256 Ky. 827, 77 S.W.2d 36, and accepted and applied in Louisville & Nashville Railroad Company v. Southern Railway Company, 237 Ky. 618, 36 S.W.2d 20, that, as in Georgia, there is no right of indemnification among joint tort-feasors under the circumstances here. However, it also appears that under Kentucky law there is, contrary to the Georgia rule, an unqualified right of contribution among joint tort-feasors provided by a Kentucky statute. Chapter 412.030 (484a Acts 1926) of the Kentucky Revised Statutes 1944, which reads as follows: "Contribution among negligent wrongdoers. Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude." In such cases of contribution the measure of recovery is one-half of the original amount the complainant has been required to pay on account of the joint tort. Consolidated Coach Corporation v. Burge, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086; Louisville Ry. Co. v. Louisville Taxicab and Transfer Co., supra. Therefore, while original defendant (third-party plaintiff) is not entitled to complete indemnification, it may be entitled to contribution, and on the theory that one who asks for all, might be willing to ask for half, if he can not get all, this part of the third-party complaint should not be unqualifiedly dismissed though the third-party defendant is entitled to know the exact nature of third-party plaintiff's claim. Accordingly, the motion to dismiss is granted, with the right, however, to the third-party plaintiff to amend, if it is so advised, within 15 days after the filing of this memorandum so as to assert a claim for contribution.

Plainly, if the motion to dismiss the third-party complaint is finally sustained, as it will be in the absence of amendment, there will be no third party against whom the original defendant can assert its claim for damages for the injury to its tractor and trailer, and thus would result the dismissal of the entire third-party complaint. As at present a dismissal of the third-party complaint, with right to amend as herein provided is granted, and it can not be known whether the third-party plaintiff will choose to amend, there appears no occasion for independent consideration at this time of the ground of the motion also seeking to dismiss what might be termed an independent action for damages.

It is therefore considered, ordered and adjudged, that the motion of Southeastern Greyhound Lines, third-party defendant, for dismissal of the third-party complaint, be, and the same hereby is, granted, with the right to the defendant to amend within 15 days of the date hereof, and failing in which amendment, the third-party complaint will stand dismissed, and the order making the Southeastern Greyhound Lines a party to this proceeding, vacated, all without prejudice to the rights of such third-party defendant.